## SECURITY STATE BANK v. LANE.

No. 6607—Opinion Filed May 29, 1917.

(166 Pac. 160.)

(Syllabus by the Court.)

### 1. Usury—Actions—Evidence.

Where a copy of the written demand required by section 1005, Rev. Laws 1910, is attached to and made a part of the petition of the plaintiff in an action to recover the penalty provided for by said section, and is not stricken out on motion, it will be considered a part of the petition and admissible in evidence under the rule governing exhibits attached to and made a part of the pleading.

### 2. Evidence — Secondary Evidence — Notice to Produce Original—Admission of Copy.

Where the original paper is necessarily in the hands of the defendant, notice to produce the same is not required to allow a copy to be given in evidence where the form of the action and the allegations of the pleadings are such as to give notice that the production will be necessary at the trial.

### 3. Costs—On Appeal—Attorneys' Fees.

Where the plaintiff in an action to recover the penalty prescribed by section 1005, Rev. Laws 1910, prevails, he is entitled by section 1006, Rev. Laws 1910, to recover as part of his costs a judgment against the other party to such action for a reasonable attorney's fee, to be fixed by the court, but said section does not authorize the trial court to render judgment against the defendant for an additional sum as an attorney's fee in the event the cause is appealed to the Supreme Court.

Error from Superior Court, Pottawatomie County; George C. Abernathy, Judge.

Action by R. L. Lane against the Security State Bank. There was judgment for plaintiff, and defendant brings error. Modified and affirmed.

F. H. Reily, for plaintiff in error.

Baldwin & Carlton, for defendant in error.

Erwin & Erwin, amici curiae.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the recovery of twice the amount of certain payments of interest made by the plaintiff to the defendant which were alleged to be usurious. Upon trial to a jury there was a verdict in favor of the plaintiff in the sum of $179.40, upon which judgment was duly entered. Thereafter the court proceeded to take testimony as to the reasonableness of attorney's fees to be taxed as costs in favor of the plaintiff, and after hearing same entered judgment in the sum of $50 for attorney's fees for plaintiff for services rendered in the trial court, and in case an appeal was taken a further sum of $50 to be added as costs for attorney's fees for services in the Supreme Court.

The grounds for reversal, upon which counsel for defendant relies, as we find them in his brief, may be summarized as follows: (1) The court erred in overruling the objections of the defendant to the introduction of any evidence on the following ground: First, because the petition or any count or part thereof did not state a cause of action; second, because no legal demand was made as

shown by the exhibit attached to the petition. (2) The court erred in permitting the plaintiff to introduce in evidence the alleged copy of his demand. (3) The court erred in rendering judgment against the defendant for the sum of $50 attorney's fees for the trial in the superior court, and the further sum of $50 to be ordered as costs for attorney's fees in case of an appeal to the Supreme. Court. The statute (section 1005, Rev. Laws 1910) provides:

"The party bringing such suit must make written demand for return of such usury."

In the case at bar the plaintiff, after making a detailed statement of the various sums paid as interest, demanded a return of "all interest above 10 per cent. per annum so paid by me as shown by said statement." This, of course, was a much smaller sum than the plaintiff was entitled to, if he established his cause of action, but it does not seem to us that this alone would justify the defendant in refusing to pay anything. The demand certainly was sufficient to notify the lender that the borrower intended to claim the benefits given him by the statute, and this by a recent decision of this court (Citizens' State Bank of Ft. Gibson v. Strahan et al., 59 Okla. 215, 158 Pac. 378; Id., 63 Okla. 288, 165 Pac. 189) is held to constitute a substantial compliance with the proviso of section 1005, Rev. Laws 1910, which provides:

"Provided, further, that before any suit can be brought to recover any usurious interest, the party bringing such suit must make written demand for return of such usury."

The second assignment of error is based upon the action of the trial court in allowing the plaintiff to introduce in evidence the copy of his demand which had been attached to and made a part of his petition as an exhibit. We do not think this constitutes reversible error. The petition of the plaintiff alleged that the plaintiff made written demand on the bank for the return of the usury paid, and that a true copy of said demand was attached thereto, marked "Exhibit A," and made a part thereof. While it may not have been necessary to attach a copy of the demand to the petition as an exhibit, still, in the absence of any objection thereto, or any question as to the correctness of the copy attached, we see no harm in this practice. Indeed, the sufficiency of the demand as to form, and not the service of it upon the de-

fendant, is the only question seriously presented for consideration, and to raise this counsel for defendant in his assignment of errors refers the court to the copy of the demand attached to the petition as an exhibit. In these circumstances the copy of the demand was admissible in evidence under the rule governing the admission of exhibits attached to pleadings and made a part thereof. Moreover, where, as in this and similar cases, the original paper is necessarily in the hands of the defendant, notice to produce the same is not required to allow a copy to be given in evidence where the form of the action and the allegations of the pleadings are such as to give notice that the production will be necessary at the trial. 1 Thompson on Trials, 773, and cases cited. Section 1006, Rev. Laws 1910, under which the attorney's fee objected to was allowed, provides:

"In all cases where an action is brought by any person to recover the penalty prescribed by the preceding section the prevailing party in such action shall be entitled to recover, as part of the costs, a judgment against the other party to such action for a reasonable attorney's fee in a sum not less than ten dollars, to be fixed by the court, for the use and benefit of the attorney of record of the prevailing party, together with all costs."

Whilst no authorities are cited by counsel for either side, on this assignment of error, we are inclined to the view that the statute does not authorize the trial court to fix a reasonable fee for the services rendered by the attorney for the plaintiff in the trial court to be taxed as costs, and another fee for services to be rendered in the Supreme Court in the event the case is appealed by the defendant. Indeed, we are unable to conceive how it is possible for the trial court, or any other court, to render a judgment for a reasonable attorney's fee for the use and benefit of the prevailing party in the Supreme Court in advance of the services being rendered and a final determination of the cause. For this reason we think it was error to enter judgment against the defendant for a reasonable attorney's fees for services to be rendered in the Supreme Court in the event an appeal was taken.

In all other respects we think the judgment of the trial court is correct, and as above modified, it is affirmed.

All the Justices concur.