## NATIONAL CREDIT CO. v. FRANKLIN et al.

No. 26283.    Sept. 8, 1936.

Hickman & Ungerman, for plaintiff in error.

Joe W. Simpson and W. N. Maben, for defendants in error.

PER CURIAM. The defendants in error were the plaintiffs in the court below and the plaintiff in error was the defendant below, and they will be referred to in this opinion as they appear in the trial court.

The plaintiffs in their petition allege that they paid the defendant the sum of .$56.60 as interest, and they sued to recover back, under the usury statute, twice the amount of the interest paid, or a total of $113.20, for which amount judgment was prayed. The case was tried to a jury and the jury returned a verdict in the sum of $113.20. The court fixed the attorney's fee for the use of the plaintiffs' attorneys at $75.

The defendant apparently concedes that there was sufficient evidence to support the verdict and judgment, and while numerous assignments of error are made in the petition in error, the only complaint which is made in its brief is that the trial court

committed error in giving certain erroneous instructions to the jury.

The statute under which the plaintiffs base their claim is section 9519, C. O. S. 1931. Under this statute there are at least two situations where usury may be set up. In the first instance, if a greater rate of interest than is allowed by law has been paid, the person by whom it was paid may recover from the person taking or receiving the same twice the amount of the entire interest paid. The other situation arises where excessive or usurious interest is charged, etc., in which event, when a suit is brought against the maker thereof on the note or other evidence of the indebtedness, the defendant may plead as a set-off or counterclaim twice the amount of the entire interest collected, reserved, charged, or received in such action.

This action is clearly one brought where it is alleged that the plaintiff had paid the interest, and notwithstanding the issues were framed on that theory and the whole testimony was to the effect that the plaintiffs had paid the interest, the court, in its instructions, and particularly instruction No. 4, said:

"Instruction No. 4.

"In this particular case it is necessary that before the plaintiff can recover that you find, as a matter of fact, that more than 10 per cent. per annum has been charged on whatever loan or loans were actually made by the credit company to the plaintiff and you will fix the amount of recovery, if you find there was usury charged, at double the amount of the usury charged, provided, of course, you do find that said usury or any usury was charged."

Obviously, this instruction was erroneous in that the jury were advised that the plaintiff could recover if it should find that more than .10 per cent. per annum had been charged. The instruction should have been that the plaintiffs could recover if the jury should find that the plaintiffs had paid interest in an amount in excess of the legal rate, as alleged in their petition.

It will be observed, however, that the defendant took no exceptions to each instruction, but attempted to take an exception to the instructions as a whole.

After the court had instructed the jury, the following proceedings appear in the record:

"Mr. Ungerman: The defendant objects and excepts to the court's statement for the reason he has not stated the issues to be between plaintiff and defendant over the amount of usury that has been actually paid, but throughout the instructions the court has used the term 'usury charged by the defendant', and for that reason we except to the court's statement of the case and to each and every instruction made to the jury.

"The Court: Let me give this jury this additional instruction:

"Instruction No. 8. Gentlemen of the jury, this lawsuit involved the proposition of whether or not plaintiffs have paid to the defendant usury. Inadvertently the court seems to have used the expression once to the effect that the defendant 'charged the plaintiffs usury'; the proposition really involved in this case is whether or not the plaintiffs paid to the defendant any sum in the way of usury, as defined in these instructions.

"Given October 4, 1934.

"_____Judge."

Counsel for the defendant having called the court's attention to the instruction, the court thereupon corrected the error by the supplemental charge, and any error which may have existed in the previous instruction was corrected by this supplemental instruction.

The Supreme Court, in the case of Finch v. American State Bank of Beggs, 97 Okla. 172, 223 P. 631, held:

"The trial court has the right of its own motion or on the motion of counsel to correct or modify a charge which has been given to the jury. No casual or unguarded expression by the judge, which upon a moment's reflection he sees is wrong and corrects before the jury, should be allowed to operate a reversal of the case."

The same ruling is held in the case of Schaff v. Daugherty, 112 Okla. 124, 329 P. 922.

The jury could not have been misled by the erroneous instruction, at least, after the corrected instruction had been given.

Counsel for the defendants in error, in their brief, ask this court either to fix the attorney's fees to be paid to them for their services in this court, or to direct the trial court to take evidence and to fix additional attorneys' fees to be paid to them for services in this court. Counsel have cited no statute and no case where the appellate court could fix a fee in a case of this character.

The statute under which an attorney's fee was fixed for services in the trial court was section 9524, C. O. S. 1931, wherein it is provided that in an action of this character the prevailing party shall be entitled

to recover, as a part of the costs, a reasonable attorney's fee, to be fixed by the court. It seems obvious that the Legislature intended that only one fee should be allowed the prevailing party. This is a penal statute, and had it been intended to enlarge the meaning of the statute to allow a fee to the prevailing party in the Supreme Court, the Legislature would undoubtedly have said so. In the absence of a statutory enactment, no additional fee can be allowed for services rendered by the attorneys in this court.

Whether or not the prevailing party should be allowed an additional attorney's fee in the Supreme Court is a matter which the Legislature alone can determine, and it has not as yet said that the prevailing party may be allowed an attorney's fee for services rendered in the Supreme Court in a case of this character.

This court is without authority to make any allowance for additional attorney's fees or to direct the trial court to make such allowance. The judgment of the trial court is affirmed and judgment is rendered against the surety on the supersedeas bond, J. B. Murray.

The Supreme Court acknowledges the aid of Attorneys C. B. Kidd, R. E. Buckles, and Edward Howell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Kidd and approved by Mr. Buckles and Mr. Howell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, CORN, and GIBSON, JJ., concur.