CARTER v. RUBRECHT et al.

No. 29412. Dec. 24, 1940.

*108 P. 2d 546.*

Hughey Baker, of Tulsa, for plaintiff in error.

Hill & Haugh, of Tulsa, for defendants in error.

WELCH, V. C. J. The question here presented is whether under the existing facts the defendant was entitled to be allowed an attorney's fee under section 9524, O. S. 1931, 15 Okla. St. Ann. § 268.

That section provides in effect that in an action brought to recover the penalties imposed by statute for usury, the prevailing party in such action shall be entitled to be allowed an attorney's fee to be taxed as costs against the losing party.

Essential facts are that plaintiff commenced an action to recover such usury penalty; the defendant answered by general and specific denials; thereafter, and before trial, defendant having sought no affirmative relief, the plaintiff dismissed the action without prejudice. Thereafter defendant presented application for allowance of an attorney's fee and to have same taxed as costs against plaintiff. The application was denied in the trial court.

The exact question has not heretofore been presented to this court, and we are not advised that any court of last resort has passed upon the question. Its determination here depends upon the ascertaining of the legislative intent, and the construction to be placed on the statute, in the light of our former decisions applying the statute under other circumstances.

In similar actions, where plaintiff recovered judgment for usury penalty, it was clear that the plaintiff as the prevailing party was entitled to an attorney's fee to be taxed as costs against the defendant as the losing party upon the merits, and we so applied the statute. Thorne v. Milligan, 57 Okla. 735, 157 P. 914; Bank of Buffalo v. Venn, 68 Okla. 43, 171 P. 450; Security State Bank v. Lane, 64 Okla. 11, 166 P. 160; National Credit Co. v. Franklin, 177 Okla. 417, 60 P. 2d 744.

In actions where plaintiff sued on promissory notes and defendant by answer sought to recover the usury penalty, and issue was joined thereon, and upon trial the defendant prevailed on the merits as to the usury claim, we held the defendant, as such prevailing party, was entitled to be allowed an attorney's fee to be taxed as costs against the plaintiff as the losing party on the merits. Richardson v. Barnhart, 160 Okla. 246, 16 P. 2d 98; McNeal v. Truesdell, 167 Okla. 602, 32 P. 2d 68; Kelly v. Brown, 55 Okla. 628, 155 P. 590.

In those actions it will be noted that this court treated the attorney's fee allowance as being itself in the nature of a penalty against the losing party. It was expressly so referred to in several of those decisions, and there is no contrary reference in any other of the cited decisions. Treating the provisions for allowance of attorney's fee as a penalty statute, it of course is to be strictly construed.

In Security State Bank v. Lane, supra, the trial court allowed plaintiff an attorney's fee for attorney's services in the trial court and purported to fix and allow an additional sum as an attorney's fee for services in case of appeal by plaintiff to the Supreme Court. Applying the strict construction rule to the statute, this court there held that the latter or additional fee allowance for attorney's services on appeal was not expressly authorized by the statute and could not stand, and the judgment to that extent was reversed.

In National Credit Co. v. Franklin, supra, this court affirmed the judgment for plaintiff for usury penalty, and also the allowance in the trial court of a

reasonable attorney's fee. Thus the defendant was the losing party in both the trial court and this court, while the plaintiff was the prevailing party in both courts. Defendant then requested an additional allowance of attorney's fee for attorney's services rendered in this court on the appeal. There also, applying the strict construction rule, it was held the statute did not expressly authorize such second or additional fee allowance, and the same was denied.

In Johnston v. American Finance Corp., 182 Okla. 567, 79 P. 2d 242, there was a claim of usury which was unsuccessful, it being held the usury statute applied only as between the original parties to the usurious contract, or their legal representatives, and did not apply as to those who were not parties to such contract, and it was held the attorney's fee allowance statute likewise could not apply, and the request for attorney's fee was disallowed.

Thus it is apparent that the judicial policy in this state has been to strictly construe this statute, and to apply it only in those cases where it was clearly applicable. And it is also apparent that the court has regarded as the prevailing party the party who prevailed on the merits, and has regarded as the losing party, and the party subject to the additional penalty of an attorney's fee for his adversary, the party who lost upon the merits. That is, it appears to have been the policy to tax the attorney's fee only in those cases where the other party was determined by final judgment to be the losing party on the issue of the usury penalty. And while we have not before considered the question of the claim for an attorney's fee where the usury claim was dismissed without prejudice before trial, we are inclined to the view that a person so dismissing such claim should not be held to be the losing party on the issue of usury. He has not finally lost upon that issue, for he might subsequently refile his action and might there prevail on the merits. While a defendant might be said to prevail on the pleadings or in the action when the plaintiff dismisses without prejudice, yet he has not finally prevailed upon the issue tendered in plaintiff's petition.

In perhaps a score of instances our statute makes provision for the recovery of attorney's fee by a successful party against his losing adversary. In some instances the term "prevailing party" is used as in this statute. In some other instances recovery of attorney's fee is made to depend upon recovery of judgment, or the successful trial of an issue of fact, or to depend upon the absence of reasonable cause or provocation. But there does not appear in any of such attorney provisions, or in the provision here considered, any legislative intent to allow an attorney's fee to the defendant and to tax it as costs against a plaintiff who merely files his action, then before trial dismisses the same without prejudice.

We conclude that the statute under consideration does not specifically allow an attorney's fee to a defendant, nor specifically require that the same be taxed against a plaintiff, where before trial the plaintiff dismisses his action for usury penalty without prejudice.

We conclude from the statute involved that it was not the legislative intent to impose such attorney's fee allowance upon a plaintiff so dismissing his action as in the instant case.

The judgment of the trial court denying defendant's application to so tax his attorney's fee as costs against the plaintiff is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, HURST, DAVISON, and NEFF, JJ., concur. CORN, J., absent.