SECURITY NATIONAL BANK AND TRUST COMPANY OF NORMAN, a corporation, Plaintiff/Appellant,

v.

Bobby RICHARDSON, Phyllis Richardson, First National Bank and Trust Company of Norman and Wheels of Norman, Ltd., Defendants/Appellees.

No. 59313.

Court of Appeals of Oklahoma, Division No. 3.

Jan. 31, 1984.

Released by Order of Court of Appeals March 5, 1984.

Rebecca J. Patten, Norman, for appellant.

John M. Luttrell, Norman, for appellees Bobby Richardson, Phyllis Richardson, and First National Bank & Trust Company of Norman.

James F. Pence, Norman, for appellee Wheels of Norman, Ltd.

CHARLES M. WILSON, Judge:

The question in this appeal is whether the holder of a security interest perfected under the certificate of title statute may replevin the automobile from a subsequent purchaser who acquired a clear title to the car by reassignment from a dealer in used cars. The dealer had acquired a clear cer-

tificate of title from the security holder's obligor. The title was issued after a forged release of the security holder's lien had been filed.

To enforce its security agreement, Security National Bank and Trust Company of Norman filed suit for possession of the automobile. The Richardsons, purchasers of the automobile, and their security interest holder, First National Bank and Trust Company of Norman, were named defendants. On the defendants' motion, Wheels of Norman, Ltd., the seller of the automobile to the Richardsons, was added as an additional party defendant by the court.

At trial the parties first presented the court written stipulations which provided:

STIPULATED FACTS OF THE PARTIES

Tracing events of 1980 Mazda RX7— Vehicle Identification No. SA22C579255

| | | |
|---|---|---|
| 1. | Vehicle purchased by O'Neils | 10/23/80 |
| 2. | Lien filed with Oklahoma Tax Commission in favor of American Exchange Bank | 10/27/80 |
| 3. | Mrs. O'Neil is employed by the Norman Tag Agency | |
| 4. | O'Neil's obtained duplicate title from Oklahoma Tax Commission | 1/06/81 |
| 5. | O'Neil's executed Note and Security Agreement to Security National Bank substituting this vehicle as collateral for 1979 Mazda RX7 Serial No. SA22C504446 which is released on this date by Security National Bank | 1/08/81 |
| 6. | Assignment of Lien by Reynolds Ford to Security National Bank filed with Oklahoma Tax Commission | 1/12/81 |
| 7. | Reynolds Ford at no time had an interest in this vehicle | |
| 8. | Release of Lien filed by Assignee, Security National Bank filed with Oklahoma Tax Commission | 3/11/81 |
| 9. | Security National claims this release is fraudulent | |
| 10. | O'Neils sell vehicle to Wheels of Norman, Inc. | 4/03/81 |
| 11. | American Exchange Lien is released by reason of payment by Wheels of Norman | 4/03/81 |
| 12. | Wheels sells to Richardsons | 4/06/81 |
| 13. | Richardsons execute Note and security interest to First National Bank and First National Bank files lien with Oklahoma Tax Commission | 4/16/81 |

Security Bank then presented the testimony of their employee, Mr. Bridgwater. He stated the indebtedness covered by their security agreement was in default and that the document which purported to release its lien did not contain the signature of any employee of the Security Bank. He added that the Richardsons had refused to deliver the car to the Bank after demand. Security Bank rested at the conclusion of Mr. Bridgwater's testimony.

The defendants demurred. The trial court sustained the demurrers and entered judgment for the defendants and quieted the title to the 1980 Mazda in the Richardsons subject to the lien of the First National Bank. Later, the court entered an order overruling Security Bank's motion for new trial and granting attorneys' fees of $1,000 to Richardsons and the First National Bank and of $1,350 to Wheels of Norman.

Security Bank appeals, objecting to the trial court's sustention of the defendant's demurrers and award of the attorneys' fees.

■ The 1979 amendment to the Motor Vehicle Title Act, 47 O.S.Supp.1979 § 23.-2b, provided that beginning July 1, 1979, a security interest in a vehicle, except for one in a motor vehicle held by a dealer for sale or lease, shall be perfected only when a lien entry form and the certificate of title are delivered to the Oklahoma Tax Commission or one of its motor license agents. The lien is then entered on the certificate of title. This procedure became the exclusive method for perfecting security interests of motor vehicles in Oklahoma.

No precedent has been found in Oklahoma answering the issue in this case. The perfection of security interests in vehicles subject to certificate of title acts was discussed by Professor Grant Gilmore in his treatise, *Security Interests in Personal Property.* Professor Gilmore relates the problems of security interests in automobiles and the effect of certificate of title acts adopted by the states. He concludes:

But the consensus that gradually begins to emerge from the cases is the one that an astute observer would have predicted from the beginning: no interest will be recognized which is not evidenced by a certificate unless, on principles of law, equity and natural justice, it ought to be recognized even without the certificate: he who has the certificate has everything unless sound reasons of policy compel his subordination.

§ 20.1, p. 555.

■ We agree. Applying that rule to the undisputed facts in this case, we conclude the judgment of the trial court was correct. The Richardsons, innocent purchasers of the 1980 Mazda, received a reassignment of the certificate of title from the registered dealer in used cars. No lien was shown on either the face or reverse of the certificate. There was no evidence of any policy reason compelling the subordination of Richardsons' title to Security Bank's lien.

Security Bank also challenges the order taxing it with attorneys' fees. In a replevin action, the judgment in favor of the prevailing party may include a reasonable attorney's fee. 12 O.S.1981 § 1580.

Security Bank argues that the award of attorney's fees to Wheels of Norman was improper because Wheels was brought into the case by motion of the other defendants. Security Bank argues it asserted no claim against Wheels of Norman nor did Wheels assert any claim against Security Bank. Security contends Wheels was not a "prevailing party" and thus was not entitled to an award of attorney's fees.

■ Any person who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved may be made a defendant. 12 O.S.1981 § 261. The motion to add Wheels of Norman as an additional party defendant stated Wheels was a necessary party. The trial court, pursuant to 12 O.S.1981 § 236, ordered Wheels of Norman named as an additional party defendant, not as a third party defendant. Wheels of Norman contested Security Bank's claim at the trial. We conclude that

when its demurrer was also sustained against plaintiff Security Bank's evidence, it was a prevailing party. Under 12 O.S. 1981 § 1580, Wheels was also entitled to recover attorney's fees from Security Bank. *Carter v. Rubrecht,* 188 Okl. 325, 108 P.2d 546 (1940).

The judgment of the trial court is AFFIRMED.

HOWARD, P.J., and HUNTER, J., concur.