Joe Bob DRAKE, Tom Lee Drake, William Graham Robb, Martha Robb, Darvis M. Craig, N.C. Corff, Hugh M. Smith, Harold Sherod, Bill R. Anthony, Norval L. Covington, John L. Hoard, and James R. Hazelwood, Appellees,

v.

SOUTHWEST DAVIS UNIT, By and Through MAPCO, INC., Operator, Appellant.

No. 58525.

Supreme Court of Oklahoma.

March 12, 1985.

Rehearing Denied April 16, 1985.

As Amended April 18, 1985.

J. Michael Medina, Robert K. Pezold, Holliman, Langholz, Runnels & Dorwart, Robert S. Sachse, Tulsa, for appellant, Southwest Davis Unit.

James U. White, Jr., Oklahoma City, for appellees, Joe Bob Drake, Tom Lee Drake, William Graham Robb, Darvis M. Craig, N.C. Corff, Hugh M. Smith, Harold Sherod, Bill R. Anthony, Norval L. Covington and John L. Hoard.

Henry C. Bonney, Duncan, for appellee, James R. Hazelwood.

DOOLIN, Vice Chief Justice.

The primary, dispositive issue to be addressed in this cause is whether or not the action brought by Appellees in the District Court of Murray County, was, in fact, a collateral attack upon orders of the Corporation Commission.

We find it was.

The Appellees are owners of certain mineral interests in a ten-acre tract described as the NW/4 of the NW/4 of the SE/4 of Section 11–T1S–R1E, of the Indian Meridian, in Murray County, Oklahoma. The Appellant, is the ·operator of an oil and gas production unit, the boundaries of which are adjacent to the above-described tract.

On September 12, 1977, by Order No. 133964, the Oklahoma Corporation Commission created a twenty-acre drilling and spacing unit described as the W/2 of the NW/4 of the SE/4 of Section 11. The Appellees' property constitutes the north ten acres of this drilling and spacing unit.

Thereafter, on June 29, 1979, the Commission entered its Order No. 154721, by which it approved Appellant's plan for the unitized operation of production from a 640-acre Common source of supply of oil and gas. A part of this common source of supply underlies the south ten acres of the twenty-acre drilling and spacing unit previously established. The production unit established by this second order, the Southwest Davis Unit, was divided into tracts. One of these tracts, Tract Eight, included the South ten acres of the twenty-acre drilling and spacing unit, but the north ten acres was not included within the boundaries of the 640-acre production unit. The omission of the north ten acres was contested by Appellees during a hearing before the Commission, to no avail.

While the order establishing the production unit did not specifically vacate or modify the order creating the existing drilling and spacing unit, it did provide for the regulation of production from wells within the 640-acre production unit and designated the shares of production to be credited to each mineral owner within the production unit, but provided for no distribution to Appellees.

Thereafter, on December 28, 1979, Appellees filed their Petition in the District Court of Murray County, alleging they were entitled to a proportionate share of the production credited to the south ten acres by virtue of the provisions of the order creating the twenty-acre drilling and spacing unit. The relief they sought was an accounting by Appellant and division of money representing their claimed share of the proceeds of production.

Appellees moved for summary judgment and Appellant moved to dismiss on the grounds the district court lacked jurisdiction. Appellant's motion was overruled, summary judgment was entered on Appellees' motion, and this appeal followed.

The question argued by Appellant before the trial court and the one presented by it on appeal is whether or not the district court has jurisdiction to resolve an alleged conflict between two orders issued by the Corporation Commission. Appellant contends that any attempt to resolve such a conflict in a district court proceeding constitutes a collateral attack on a Commission order and is forbidden.

The starting point in an analysis of this issue is 52 O.S.A.1981, § 111, which provides in pertinent part:

> No collateral attack shall be allowed upon orders, rules, and regulations of the Commission made hereunder, but the sole method of reviewing such orders and inquiring into and determining their validity, justness, reasonableness or correctness shall be by appeal of such orders, rules or regulations to the Supreme Court. * * * No court of this State except the Supreme Court ... shall have jurisdiction to review, reverse, annul, modify or correct any order, rule, or regulation of the Commission within the general scope of its authority....

■ We have consistently ruled that the jurisdiction of a district court to review orders of the Corporation Commission is limited to an examination of a Commission order for the sole purpose of determining

whether the Commission had jurisdiction to enter such an order. (*Woods Petroleum Co. v. Sledge,* 632 P.2d 393 (Okl.1981)).

No question was ever raised in the trial court as to the propriety of the Commission's jurisdiction to enter the two, above-mentioned orders. It therefore appears this action would, indeed be a collateral attack if, in any way, the trial court was asked to "review, reverse, annul, modify or correct," either of these orders.

■ The first of these forbidden acts, review, is defined in *Black's Law Dictionary,* (5th Ed.1979) as:

> To re-examine judicially or administratively. A reconsideration; second view or examination; revision; consideration for purposes of correction.

We find this definition to accurately describe the type of action which § 111 reserves exclusively to the Supreme Court.

The remaining propositions of error propounded by Appellant (which, in light of our holding as to jurisdiction, we need not further address) reveal a distinct possibility that a substantial conflict may exist between the two orders issued by the Commission. Without ruling on this alleged issue, we note that in order to resolve such a conflict, the district court would, of necessity, have to review both orders and interpret them to attempt to ascertain the intent of the Commission. This the district court may not do. (See: *Oklahoma Constitution,* Art. IX, § 20).

Appellees argue they are simply asking the district court to enforce the provisions of the Commission's drilling and spacing order. This might be a valid argument and an action fully within the court's jurisdiction if such enforcement did not require the trial court to consider the effect of the subsequent unitization order.

■ In Oklahoma, a district court is ordinarily without jurisdiction to resolve an apparent conflict between two or more orders properly made by the Corporation Commission, where such a resolution would require the court to review those orders and interpret the effect of one upon the other. When a party aggrieved seeks clarification of an apparent conflict between an order establishing a drilling and spacing unit and an order adopting a plan for unitized production from a common source of supply of oil and gas, or any other Commission orders, that party must proceed before the Corporation Commission, and thereafter by appeal to the Supreme Court, as required by 52 O.S.A.1981, § 111.

*District courts may not declare rights claimed under orders of the Corporation Commission.* 12 O.S. 1981 § 1657; see *Woods Petroleum Co. v. Sledge,* Okl., 632 P.2d 393 [1981].

The order of the trial court granting summary judgment is REVERSED and the action is DISMISSED.

DOOLIN, V.C.J. and HODGES, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

SIMMS, C.J., and LAVENDER, HARGRAVE and KAUGER, JJ., dissent.