PELICAN PRODUCTION CORPORA-
TION et al.,
**Appellants/Counter-appellees,**

v.

WISHBONE OIL & GAS, INC. et al.,
**Appellees/Counter-appellants.**

**65997, 65511.**

Court of Appeals of Oklahoma,
Division No. 3.

Oct. 27, 1987.

---

Daniel J. Gamino, Oklahoma City, for appellants/counter-appellees.

Sharon Taylor Thomas, Leslie M. Forbes, Oklahoma City, for appellees/counter-appellants.

HANSEN, Presiding Judge:

Conflict between jurisdiction of the Oklahoma Corporation Commission and the district courts of the State of Oklahoma has long been the subject of decisions of the Oklahoma Courts. In this action the trial court dismissed, for lack of subject matter jurisdiction, Appellant Pelican Production Company's action against Appellee Wishbone Oil and Gas, Inc. for conversion of hydrocarbons.[1]

In March of 1977, Pelican's predecessor in title obtained an oil and gas lease covering a quarter section of land in Canadian County. Pelican completed the Swatek No. 1 well producing from the Red Fork common source of supply. By order, the Oklahoma Corporation Commission (Commission) established that quarter section as a 160 acre drilling and spacing unit for the Red Fork and designated the Swatek No. 1 as the unit well.

Therefore, Pelican executed a partial release of the lease for all formations underlying the quarter section except for the Red Fork sand. Wishbone's predecessor, Saturn Oil and Gas Company, obtained a lease for the same quarter section covering all formations *except* the Red Fork. Saturn drilled three wells (Bohanon 1, 2 and 3) in that section. Commission records indicate these wells are producing from formations other than the Red Fork.

In March of 1984, Pelican filed an application with Commission requesting Commission shut-in the Bohanon No. 1 well because it was producing from the Red Fork rather than the Hunton. Commission denied Pelican's application, finding there was a complete lack of evidence to support it. The Court of Appeals affirmed and the Supreme Court denied certiorari.

In April of 1985, Pelican filed the present action against Wishbone seeking damages for conversion of hydrocarbons. It alleged the three Bohanon wells were producing from the Red Fork. Wishbone filed a motion for summary judgment arguing the district court lacked subject matter jurisdiction over the controversy, and that the action was a collateral attack on the final order of Commission which found there was no basis for Pelican's claim the Bohanon No. 1 was taking hydrocarbons from the Red Fork.

The trial court treated the motion for summary judgment as a motion to dismiss and dismissed the action. The judgment stated:

"The Court finds that the Oklahoma Corporation Commission has made an appealable determination in its Order No. 268761 entered in Cause CD No. 113164 on November 16, 1984, that the Bohanon No. 1 well is not completed in the Red Fork formation, and this Court lacks subject matter jurisdiction to determine in which formations the Bohanon No. 1, 2 and 3 wells are completed or to sustain Plaintiffs' collateral attack upon Order No. 268761."

The trial court overruled Pelican's motion for new trial and this appeal resulted. (No. 65,511).

Wishbone also appeals the trial court's later order overruling its application for attorney fees and costs. (No. 65,997). The Supreme Court consolidated the two appeals.

Pelican's argument the trial court erred in dismissing the action is premised on jurisdiction of the district court to hear tort cases. It is well settled that Commission is a tribunal of limited jurisdiction with its powers and authority conferred by the Oklahoma Constitution, Art. 9, § 18 and by statute.[2] In oil and gas matters it has the sole authority to adjust the equities and to protect the correlative rights of interested parties.[3] The term correlative rights refers to all the rights and duties which exist

1. We will refer to Pelican and Wishbone as Appellant and Appellee albeit these parties have conveyed a portion of their interest to others who are also parties to this appeal.

2. 52 O.S.1981 § 87.1; *Kingwood Oil Company v. Hall–Jones Oil Corporation,* 396 P.2d 510 (Okla. 1964); *Tenneco Oil Co. v. El Paso Natural Gas,* 687 P.2d 1049 (Okla.1984).

3. *Woods Petroleum Corporation v. Sledge,* 632 P.2d 393 (Okla.1981).

between mineral owners with regard to a common source of hydrocarbon supply.[4]

■ Clearly, Commission may not award the damages for conversion sought by Pelican.[5] Commission has no jurisdiction over a controversy between two private concerns. Such controversy can be adjusted only in a suit between the parties in a court of competent jurisdiction.[6]

In *Nilsen v. Ports of Call Oil Co.*, 711 P.2d 98 (Okla.1985), the district court was called upon to decide whether Ports of Call's operations constituted a continuous drilling operation under a Commission pooling order. Therein, force pooled parties who had not participated in the well filed an action seeking to quiet title to the leases in them. Even though a district court, not Commission, has exclusive jurisdiction to determine title to land, the Oklahoma Supreme Court held the district court properly dismissed the quiet title action for lack of subject matter jurisdiction.

■ Before a suit for conversion of hydrocarbons might proceed in district court, there must be a determination made by Commission that Wishbone is taking hydrocarbons in violation of its drilling and spacing order.

■ The original Commission order provided only one well in the unit could produce from the Red Fork. Wishbone concedes it does not have a right to take hydrocarbons from the Red Fork. Thus, if the three involved wells were producing from the Red Fork, Wishbone would be in violation of the Commission order. But it is Commission's responsibility to make that decision.[7] Commission has the sole authority to adjust the equities and protect the correlative rights between Pelican and Wishbone. It is Commission which must determine the formation from which the wells are producing. Pelican is asking the district court to make that determination in its favor in face of the Commission's final order to the contrary.

■ Based on the evidence submitted by Pelican, Commission found the Bohanon well was completed, not in the Red Fork, but in the Hunton. That order is final. Pelican is attempting to relitigate this issue in district court and, thus, is attacking Commission's order collaterally. A collateral attack may not be launched on a Commission order facially invulnerable. A district court's power to inquire into the validity of Commission orders is legally limited to ascertaining if Commission had jurisdiction to issue the order.[8] Herein, Pelican has not attacked the validity of Commission's order, nor its jurisdiction to enter such an order. It is asking the district court to make a determination concerning drilling and spacing units, a determination solely within the province of Commission. The trial court was correct in dismissing Pelican's cause of action for conversion.

Wishbone counterappeals claiming the trial court erroneously denied its application for attorney fees under 12 O.S.1981 § 940(A). In the alternative, it contends the action was vexatious, oppressive and done in bad faith, entitling it to attorney fees under *City National Bank & Trust Co. v. Owens*, 565 P.2d 4 (Okla.1977). Wishbone is incorrect on both counts.

■ Section 940(A) provides for attorney fees to a prevailing party in a "civil action to recover damages for the negligent or willful injury to property." Although Wishbone claims the action is one for trespass as well as for conversion, a review of the pleadings does not support this claim. The gist of conversion is unauthorized dominion over property rather than negligent

---

4. *Haymaker v. Oklahoma Corporation Commission*, 731 P.2d 1008 (Okla.App.1986).

5. *Lear Petroleum Corporation v. Seneca Oil Company*, 590 P.2d 670 (Okla.1979); *Texas Oil and Gas Corporation v. Rein*, 534 P.2d 1277 (Okla.1975); *Kingwood Oil Company v. Hall–Jones Oil Corporation*, 396 P.2d 510 (Okla.1964).

6. *Gibson v. Elmore City Telephone Company*, 411 P.2d 551 (Okla.1966).

7. *Drake v. Southwest Davis Unit*, 698 P.2d 15 (Okla.1985).

8. 52 O.S.1981 § 111; *Harry R. Carlile Trust v. Cotton Petroleum Corporation*, 732 P.2d 438 (Okla.1986).

or willful injury to property.[9] Wishbone is not entitled to costs or attorney fees under this section. In addition, Wishbone does not convince us the action by Pelican was instituted in bad faith. The trial court correctly denied Wishbone's application for attorney fees.

 However, Wishbone is entitled to costs of defending this action under 12 O.S.1981 §§ 928, 929. Section 929 provides costs shall be allowed of course to any defendant upon a judgment in his favor in the actions mentioned in § 929. Section 929 allows costs in actions for the recovery of money only. Pelican sought recovery of money only in the nature of damages for conversion. Wishbone prevailed and is entitled to the costs of defending the action. Accordingly, that portion of the judgment denying costs to Wishbone is REVERSED and the case is remanded with directions for the trial court to determine the amount. In all other respects the judgment is AFFIRMED.

HUNTER and BAILEY, JJ., concur.

---

9. *National Livestock Credit Corporation v.* *Schultz,* 653 P.2d 1243 (Okla.App.1982).