GHK EXPLORATION COMPANY, an Oklahoma partnership, Plaintiff–Appellee,

v.

TENNECO OIL COMPANY, a Delaware corporation, Defendant–Appellant.

No. 86–1521.

United States Court of Appeals, Tenth Circuit.

Sept. 23, 1988.

---

H.B. Watson, Jr., and Sharon Taylor Thomas of Watson & McKenzie, Oklahoma City, Okl., for defendant-appellant.

Robert G. Gum and Warren D. Majors of Spradling, Alpern, Friot & Gum, Oklahoma City, Okl., for plaintiff-appellee.

Before McKAY, SEYMOUR and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

In *GHK Exploration Co. v. Tenneco Oil Co.*, 847 F.2d 650 (10th Cir.1988), we ruled that the district court was without subject-matter jurisdiction to adjudicate a forced-pooling election issue raised in GHK Exploration Company's (GHK's) action for money judgment. Finding that the election is-sue was within the exclusive jurisdiction of the Oklahoma Corporation Commission (Commission), we reversed the district court judgment which resolved the election issue and directed the district court to dismiss the suit.

Subsequent to our direction to dismiss GHK's suit, Tenneco claimed it was the prevailing party and moved for costs and attorney's fees incurred on appeal and in the district court proceedings. Tenneco also requested the release of the superse-deas bond it had been required to post in the district court to pay for GHK's attor-ney's fees. GHK responded to Tenneco's motion contending that Tenneco was not yet the prevailing party and thus was not entitled to attorney's fees. GHK also filed a petition for a limited rehearing.

In its petition, GHK does not contest our ruling that the Commission has exclusive jurisdiction over the election issue but does contend that our entry of dismissal improp-erly suggests that the district court is with-out jurisdiction not only to decide the elec-tion issue but also to adjudicate the under-lying money judgment action. GHK thus requests that we modify the dispositional statement of our opinion to preserve the district court's jurisdiction over the money judgment action and to stay the district court from further action until the election issue is resolved by the Commission and the Oklahoma process. GHK contends that modification of the dispositional state-ment will clarify that Tenneco is not yet the prevailing party and thus not entitled to attorney's fees. We address first the issue of modifying the dispositional state-ment and second the issue of costs and attorney's fees.

I.

When dealing with forced-pooling orders under Oklahoma law, the courts "have jurisdiction to enforce the Commis-sion's orders and to resolve the 'private rights' of the parties." *GHK Exploration Co.*, 847 F.2d at 652 (citing *Tenneco Oil Co. v. El Paso Natural Gas Co.*, 687 P.2d 1049, 1054 (Okla.1984)). The Commission, on the other hand, has been granted exclu-

sive jurisdiction by the Oklahoma legislature "to interpret, clarify, amend and supplement its own orders," *id.*, and "to regulate the conservation of oil and gas and the drilling and operation of oil and gas wells." *Stipe v. Theus*, 603 P.2d 347, 349 (Okla. 1979) (citing Okla.Stat.Ann. tit. 17, § 52 (West 1986)). This exclusive jurisdiction includes determining whether a party has elected to participate in a forced-pooling order and whether the well drilling costs allocated to participants of a forced-pooled unit are proper and reasonable.

The division of jurisdiction between the courts and the Commission creates a situation in the present matter in which the Commission has jurisdiction to determine if Tenneco elected to participate in the forced-pooling order and, assuming Tenneco did make an election, if the allocated participation costs are proper and reasonable; and the courts have jurisdiction to enforce payment of the participation costs if Tenneco is found to be obligated to pay the costs and refuses payment.

Recognizing the division of jurisdictional power, GHK maintains that it may initially bring an action in district court to enforce the payment of well drilling costs and then have the action stayed while the Commission resolves whether Tenneco elected to participate and what costs Tenneco is obligated to pay. Tenneco, on the other hand, contends that there is no payment to enforce and thus no money judgment action until the Commission determines that Tenneco did in fact elect to participate in costs and that Tenneco refuses to make payment. Consequently, if Tenneco is found not to have elected to participate or if Tenneco makes payment after a Commission decision, there will never be a justiciable issue for the district court.

We have previously reviewed the Oklahoma process and expressed approval of the line of reasoning proffered by Tenneco. In *Constantin v. Martin*, 216 F.2d 312 (10th Cir.1954), the plaintiffs brought an action in the district court that involved the interpretation of a Commission unitization. Because resolution of the issues required the interpretation of a Commission order,

we ruled that the Commission had retained jurisdiction and that the plaintiffs should have gone to the Commission first and exhausted their administrative remedies. *Id.* at 317. We thus vacated the district court's judgment and directed dismissal of plaintiffs' action.

Recent Oklahoma cases follow the *Constantin* approach. When an action is initially brought in court but requires the Commission to interpret the order, the Oklahoma Supreme Court has directed the action to the Commission and completely dismissed the judicial proceeding. *See e.g., Nilsen v. Ports of Call Oil Co.*, 711 P.2d 98 (Okla.1985) (quiet title action dismissed because it effectively interpreted the Commission's order—an issue reserved for the Commission); *Drake v. Southwest Davis Unit*, 698 P.2d 15 (Okla.1985) (action for accounting dismissed because it required the court to interpret two Commission orders and would thus collaterally attack the orders); *Woods Petroleum Corp. v. Sledge*, 632 P.2d 393 (Okla.1981) (judgment in quiet title action vacated because action was a collateral attack on the Commission's exclusive jurisdiction to interpret its orders).

GHK has directed our attention to one case in which the Oklahoma Supreme Court did not dismiss the action brought in state court but rather stayed the court proceedings until the Commission resolved an issue reserved for its jurisdiction. *See Stipe v. Theus*, 603 P.2d 347 (Okla.1979) (money judgment action stayed while Commission resolved issue of what costs were proper and reasonable). Although *Stipe* is not entirely distinguishable from the previously cited Oklahoma cases and the present matter, *Stipe* is different in that no issue required the interpretation or clarification of a Commission's order. Rather, in *Stipe* the Commission only had to perform a statutorily directed function of determining whether well costs were reasonable. In light of this distinction and the more recent direction of Oklahoma Supreme Court cases, we are not convinced that GHK is entitled to have the district court action stayed pending the Commission's interpre-

tation and clarification of the election issue. The action was properly directed to be dismissed. Although dismissal may seem harsh, any other remedy would not conform to Oklahoma law requiring parties to first seek interpretation of a Commission order through the Commission itself. We therefore affirm our original direction to dismiss GHK's action.

## II.

### A.

GHK does not contest Tenneco's right to the costs of this appeal which are claimed under Rule 39 of the Federal Rules of Appellate Procedure. Nor does GHK contest Tenneco's right to have the supersedeas bond released. *See* Appellee's Response to Appellant's Motion for Attorney's Fees and Costs, at 6. We thus grant Tenneco its costs on appeal and direct the district court to determine and tax GHK for the appropriate costs. *See* Fed.R.App.P. 39(e). We also direct the district court to release the supersedeas bond.

GHK concedes that if its petition for limited rehearing is denied, Tenneco is entitled to the reasonable costs of the district court proceeding. In section I above, we denied GHK's petition, and we agree that Tenneco is entitled to the costs of the district court proceeding. *See Pelican Production Corp. v. Wishbone Oil & Gas Inc.,* 746 P.2d 209, 213 (Okla.App.1987) (defendant entitled to costs of defending action under Okla.Stat. tit. 12, § 929 (West 1960) when plaintiff's petition was dismissed for lack of subject matter jurisdiction); *see also Anderson v. Christian Hospital Northeast–Northwest,* 100 F.R.D. 497, 498 (E.D.Mo.1984) (defendant is entitled to costs under Rule 54(d) of the Federal Rules of Civil Procedure even though plaintiff's suit was dismissed without prejudice and was not on the merits). We thus direct the district court to determine and award the appropriate costs incurred by Tenneco in the district court proceeding.

### B.

■ Our analysis of Tenneco's request for attorney's fees for this appeal and the district court proceeding is governed by Oklahoma law. *Toland v. Technicolor, Inc.,* 467 F.2d 1045, 1047 (10th Cir.1972). Both parties agree that Okla.Stat.Ann. tit. 12, § 936 (West Supp.1988) governs the award of attorney fees in this action:

In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the *prevailing party* shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

(Emphasis added).

Although GHK and Tenneco agree that section 936 governs and that the prevailing party is entitled to attorney's fees, they disagree as to what constitutes a prevailing party under section 936. Tenneco claims it is a prevailing party because our direction of dismissal for lack of subject matter jurisdiction awards the relief Tenneco sought in the judicial proceedings. GHK contends that to be a prevailing party under section 936 one must prevail on the merits of the money judgment action and that a dismissal for lack of subject matter jurisdiction does not resolve the merits of that action.

Oklahoma law has not defined "prevailing party" as used in section 936 nor has it declared whether a court-ordered dismissal for lack of subject matter jurisdiction makes a defendant the prevailing party. Nevertheless, some guidance is provided from Oklahoma's interpretation of "prevailing party" as used in other Oklahoma fee and costs statutes in the context of voluntary dismissals. In at least three cases, the Oklahoma Supreme Court has declared that a prevailing party is one who prevails on the merits of the underlying action. *See General Motors Acceptance Corp. v. Carpenter,* 576 P.2d 1166 (Okla.1978) [hereinafter *GMAC* ]; *Swan–Sigler, Inc. v. Black,* 414 P.2d 300 (Okla.1966); *Carter v. Rubrecht,* 188 Okl. 325, 108 P.2d 546 (1940).

In *Carter*, the plaintiff voluntarily dismissed his usury claim and the defendant applied for attorney's fees as the prevailing party. The Oklahoma Supreme Court ruled that the defendant was not entitled to attorney's fees as the prevailing party because "[w]hile a defendant might be said to prevail on the pleadings or in the action when the plaintiff dismisses without prejudice, yet he has not finally prevailed upon the issue tendered in plaintiff's petition." *Carter*, 108 P.2d at 548.

Similarly, in *Swan–Sigler* and *GMAC* the defendant was denied attorney's fees as the prevailing party because the plaintiff's voluntary dismissal had not resulted in a judgment on the merits. *Swan–Sigler*, 414 P.2d at 302 (prevailing party means "one for whom judgment is rendered, meaning, of course, a judgment upon the validity or invalidity of the lien"); *GMAC*, 576 P.2d at 1167 ("the right to attorney fees, taxed as costs, attaches only on behalf of a party who prevails on the merits").

Although the present matter does not involve a voluntary dismissal, a court-ordered dismissal for lack of subject matter jurisdiction is also not a decision on the merits of a plaintiff's action and is generally without prejudice. Without any further expansion of the definition of "prevailing party" by Oklahoma law, we are unwilling to declare that Tenneco is the prevailing party under section 936 inasmuch as Tenneco did not prevail on the merits of GHK's action for money judgment.

Accordingly, GHK's petition for a limited rehearing is denied on the merits. Tenneco's motion for costs and release of the supersedas bond is granted. Tenneco's motion for attorney's fees is denied.