**VASTAR RESOURCES, INC., successor-in-interest to Arco Oil and Gas Company, Appellant,**

v.

**OKLAHOMA CORPORATION COMMISSION, Lance Ruffel Oil & Gas Corporation, and Exxon Corporation, Appellees,**

**XAE Corporation, et al., Respondents.**

**No. 84759.**

Court of Appeals of Oklahoma, Division No. 1.

April 5, 1996.

Richard K. Books, Oklahoma City, for Appellant.

John R. Robertson, Jr., Tom M. Moore, and James W. George, Oklahoma City, for Appellees.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

Appellant Vastar Resources, Inc. [Vastar] appeals from an order of the Corporation Commission which determined that the Zedlav No. 1-9 well was producing from the Osborn formation, the common source of supply to which the Commission had authorized the well to be completed. Vastar's predecessor in interest (Arco Oil & Gas Company) filed an application with the Commission alleging that, from examination of records of a nearby well and information from the Zedlav No. 1-9 well, there was some confusion about the formation in which the well had been completed, and suggesting that the well might have been completed in the Hart formation. An administrative law judge appointed by the Commission decided that the Zedlav No. 1-9 well was completed in the Hart formation, but an appellate administrative judge found that her report should be reversed, and recommended that the Commission find that the well was in fact completed in the Osborn formation and that the well had never produced from the Hart formation. The Commission sided with the administrative appellate judge, and this appeal followed. Vastar has raised numerous allegations of error, but we find it necessary only to discuss a jurisdictional objection raised by Appellees Lance Ruffel Oil & Gas Corporation and Exxon Corporation. We hold that the Commission lacked jurisdiction to consider the application, and so its order must be reversed.

■ Appellees argue that the application was in the nature of a suit for subsurface trespass and conversion, which lies beyond the Commission's statutory jurisdiction to prevent waste and protect correlative rights. 52 O.S.1991 § 87.1. They point out that in this case there is obviously no question of waste, and correlative rights extend only to rights in the same common source of supply. Because the facts of this case, and the Commission's order, relate to *two different common sources of supply*, we agree with Appellees that the Commission lacked jurisdiction to consider Arco's application.

■ The phrase "correlative rights" refers to the interrelation of privileges each owner possesses and obligations each bears with the privileges and obligations of other owners of property in the same common source of supply. *Samson Resources Co. v. Corporation Comm'n*, 702 P.2d 19, 22 (Okla.1985); *Kingwood Oil Co. v. Corp. Comm'n*, 396 P.2d 1008, 1010 (Okla.1964). "Common source of supply" is defined by 52 O.S.1991 § 86.1 to

comprise and include that area which is underlaid or which, from geological or other scientific data, or from drilling operations, or other evidence, appears to be underlaid, by a common accumulation of oil or gas or both; provided that, if any such data is underlaid, or appears from geological or other scientific data, or from drilling operations, or other evidence, to be underlaid by more than one common accumulation of oil or gas or both, shall be deemed a separate common source of supply.

52 O.S.1991 § 86.1(c).

In *Samson*, the court endorsed a gloss on the definition of correlative rights by the

federal district court in *United Petroleum Exploration, Inc. v. Premier Resources, Ltd.,* 511 F.Supp. 127 (W.D.Okla.1980), interpreting our statutory definition of "common source of supply," which linked (and also limited) correlative rights to the geological strata from which oil and gas are produced; not the producing well. *See Samson,* 702 P.2d at 22; *United,* 511 F.Supp. at 129.

The appellate administrative law judge rejected Appellees' jurisdictional challenge, relying on *Nilsen v. Ports of Call Oil Co.,* 711 P.2d 98 (Okla.1985), and on the statutory right granted by 52 O.S.1991 § 112 to "[a]ny person affected" by a Commission order to seek repeal, amendment, modification, or supplementation of the order:

> [W]henever the Commission is called to determine whether the actions of parties under Commission orders have satisfied the terms of those orders, the Commission's exclusive jurisdiction is invoked. *Nilsen v. Ports of Call Oil Co.,* 711 P.2d 98 (Okl.1985).
>
> In an application of this nature, the Commission has the sole authority to adjust the equities and protect the correlative rights between the parties. The action taken by the Commission under [Arco's] application concerns a conflict which does not only effect [*sic* ] the rights between the working interest owners within this wellbore but also effects [*sic* ] the public interest and the protection of oil and gas production from the source as a whole. Given that determination, the public rights interest in need of protection cloaks the Commission with the authority and power to determine the issues raised by this proceeding.
>
> * * * In the present proceeding Arco is pursuing clarification of a Commission order under 52 O.S. Section 112 which allows any person affected by a Corporation Commission order standing to apply to the Commission for relief. [citations] Thus, Arco had the requisite standing to bring the application.

We find that § 112 does not apply in this case because Arco's application for determination of producing formation sought neither repeal, amendment, modification, nor supplementation of any Commission order. The AALJ's reference to a "public rights interest" is not convincing.

This case does not involve any question of correlative rights, because it does not involve competing interests in a single common source of supply, nor a question of waste. The only effect of an order in this proceeding determining the source of production is to establish whether the producing party had a right to produce those hydrocarbons or whether they did not; whether they produced hydrocarbons rightfully, or whether such production was conversion resulting from a subsurface trespass. Both these determinations are correctly made in district court just as surely as the damage claim which would evolve from a determination that the production was wrongful.

Appellees suggest that in order to reach that result we must disapprove the decision by Division III of this Court in *Pelican Production Corp. v. Wishbone Oil & Gas, Inc.,* 746 P.2d 209 (Okla.App.1987).

In *Pelican,* the trial court dismissed an action for conversion filed after the Corporation Commission had previously heard and denied an application by the plaintiff to shut in a well drilled by another, which was alleged to be producing from the applicant's permitted formation. This Court affirmed the dismissal, saying:

> Based on the evidence submitted by Pelican, Commission found the Bohanon well was completed, not in the Red Fork, but in the Hunton. That order is final. Pelican is attempting to relitigate this issue in district court and, thus, is attacking Commission's order collaterally. A collateral attack may not be launched on a Commission order facially invulnerable. A district court's power to inquire into the validity of Commission orders is legally limited to ascertaining if Commission had jurisdiction to issue the order. Herein, Pelican has not attacked the validity of Commission's order, nor its jurisdiction to enter such an order. It is asking the district court to make a determination concerning drilling

and spacing units, a determination solely within the province of Commission.

*Pelican,* 746 P.2d at 212.

Our decision in *Pelican* not to overturn the trial court's dismissal was clearly motivated by a reluctance to second-guess the Commission's order denying Pelican's application for a shut-in order. The sole method of review of a commission order is by direct appeal to the Supreme Court. 52 O.S.1991 § 111. Having obtained review of the order at issue without success, Pelican could not proceed anew in the district court and thereby mount a collateral challenge to the Commission's order. However, and most important here, the Commission's jurisdiction to consider the original application was not challenged in *Pelican.* In the present case, Appellees placed the Commission's jurisdiction at issue below, and have briefed their jurisdictional argument on appeal.

Appellant relies in part on the statement by the *Pelican* court that "[b]efore a suit for conversion of hydrocarbons might proceed in district court, there must be a determination made by [the] Commission that Wishbone is taking hydrocarbons in violation of its drilling and spacing order." *Pelican,* 746 P.2d at 212. Appellant seeks to elevate the significance of that statement to a legal principle, which would mandate resort to the Commission before filing a district court tort action. Appellees obviously disagree, and it is for that reason they suggest that we should disapprove *Pelican.* Appellees point out that the quoted statement was not supported by citation of authority, and appears to be at odds with case law eschewing the Commission's involvement in private disputes. *See, e.g., Samson Resources Co. v. Oklahoma Corp. Comm'n,* 859 P.2d 1118, 1120 (Okla. App.1993), *cert. denied; Amoco Production Co. v. Corp. Comm'n,* 751 P.2d 203, 208 (Okla.App.1986), *cert. denied.*

We find no need to "disapprove" *Pelican,* because what was said there must be considered in, and is properly limited by, the facts and issues before the court. Considered in that context, after one application had been submitted to the Commission and after the defeat of a subsequent attempt at collateral attack, and in the absence of any jurisdiction-al challenge before the Commission, the court's statement must be read as merely a preface to what follows in the opinion, that one may not collaterally attack a Commission order by action in the district court.

We hold that the Commission lacked jurisdiction to decide Appellant's application to determine the producing formation of the Zedlav well. The Commission's order is therefore VACATED.

GARRETT and BUETTNER, JJ., concur.