ARROWHEAD ENERGY, INC.; Wayne Clouser; Carole Hersch; Bill Meadows; Bryan Kelley Moore; Dr. B.J. Atkins; Berton Fleenor; Albert Kraus, Jr.; Russell D. Meloy; PBS Energy Production, Inc.; Bill Breit; Ray Kraus; Milford Corporation; Richard W. Petticrew; Mathias J. Walters Revocable Trust; and TEX–OK Producers, Inc., Appellants,

v.

BARON EXPLORATION COMPANY; Hoke Exploration Corporation, formerly Baron Exploration Company; Robert P. Gwinn; Lobar Oil Co.; Alpine Investments, Inc.; and Truman F. Logsdon, Appellees.

No. 86171.

Supreme Court of Oklahoma.

Oct. 29, 1996.

Rehearing Denied Jan. 15, 1997.

Richard K. Goodwin, Lawrence & Ellis, P.A., Oklahoma City, for Appellants.

Tim W. Green, Oklahoma City, Gregory L. Mahaffey, Martha Martin, for Appellees Gwinn and Lobar.

Mahaffey & Gore, P.C., Oklahoma City, for all other Appellees.

## MEMORANDUM OPINION

HARGRAVE, Justice.

Plaintiffs have pled four causes of action against the defendants for both actual and punitive damages based on defendants' filing of a false or incorrect completion report with the Oklahoma Corporation Commission. The first cause of action alleges that the defendant Hoke, on behalf of the defendants, intentionally, wilfully and with malice aforethought filed an erroneous well completion report with the Oklahoma Corporation Commission stating that the Lumbers # 1 Well was producing from the Mississippi Chat formation, when it was actually producing from the Oswego formation. Plaintiffs are the owners of the oil and gas leasehold on the quarter-section adjacent to defendants' Lumbers # 1 well, and state that they drilled a well on their lease to a depth sufficient to test the Oswego and Mississippi Chat common sources of supply. Plaintiffs allege that illegal production by defendant has caused drainage of production underlying plaintiffs' tract.

Plaintiffs' second cause of action asserts that defendants' production, in violation of Oklahoma Corporation Commission Rules and Procedures, constitutes negligence per se, violating plaintiffs' correlative rights. The third cause of action alleges conversion of plaintiffs' hydrocarbons and the fourth cause of action pleads detrimental reliance by plaintiffs on the information filed with the Corporation Commission, stating that if plaintiffs had known that defendants' well was not producing from the Mississippi Chat formation but rather from the Oswego formation, they would not have drilled to the Mississippi Chat formation.

■ Defendants moved to dismiss, asserting that plaintiffs failed to state a claim because the law of capture precludes any liability on the part of the defendants.[1] Further, defendants argued that jurisdiction was with the Corporation Commission rather than with the district court. District Judge Neal Beekman, by order dated September 1, 1995, ruled that the Corporation Commission was "the state agency that has sole authority to make an initial finding under the fact situation presented to this Court." The trial judge stated that while it is well recognized that the Corporation Commission may not award damages for conversion, the Commission does adjust the equities between the parties and protects their correlative rights, citing *Pelican Production v. Wishbone Oil & Gas*, 746 P.2d 209 (Okla.App.1987). The Court of Appeals, without citation of authority, affirmed. We granted plaintiffs' petition for certiorari.

■ The crux of the matter involves private rights: whether defendants violated a duty owed to the plaintiffs. Public rights are not involved, except tangentially. We have stated that the function to be served by the Corporation Commission under oil and gas conservation statutes is to protect public rights in the development and production of oil and gas. *Samson Resources Co. v. Corporation Commission*, 702 P.2d 19, 21 (Okla.1985). The fact that a determination whether defendants violated a duty owed to these plaintiffs may involve a determination whether the completion report, Form 1002A, filed with the Corporation Commission was erroneously or fraudulently filed, does not deprive the district court of jurisdiction. The district court has jurisdiction to determine whether the defendants have illegally drained the reservoir and whether, if so, a

1. Generally, under the law of capture, a landowner does not own migratory substances underlying his land, but rather has the exclusive right to drill for, produce or otherwise gain possession of such substances. *Frost v. Ponca City*, 541 P.2d 1321, 1323 (Okla.1975). Those rights include the right to reduce to possession oil and gas coming from land belonging to others. *See, Atlantic Richfield Co. v. Tomlinson*, 859 P.2d 1088, 1095 (Okla.1993).

cause of action for damages has been stated by the plaintiffs.

*Pelican Production v. Wishbone Oil & Gas, supra,* a Court of Appeals opinion relied upon by the trial judge, is not applicable. That case involved three wells that were allegedly producing illegally from the Red Fork formation. The Corporation Commission previously had determined that one of the wells was producing from the Hunton and not the Red Fork formation. That order became final. Subsequently, the losing party filed an action for damages for conversion of hydrocarbons in the district court, alleging that the three wells were producing from the Red Fork formation. The trial court dismissed the cause, treating it as an attempted collateral attack on an order of the Corporation Commission. The Court of Appeals stated that before a suit for conversion of hydrocarbons might proceed in district court, there must have been a determination by the Corporation Commission that hydrocarbons were being taken by defendant in violation of the Commission's spacing order. Accordingly, the Court of Appeals upheld the trial court's dismissal of the cause.

 In the case at bar there is no dispute regarding the formation from which the well is producing: the defendants do not deny that production is from the Oswego formation and have filed an amended well completion report form with the Corporation Commission reflecting that production is from the Oswego formation. There is no question that an incorrect completion report form was filed on the Lumbers # 1 well. The district court has jurisdiction to determine the effect of failure to comply with a Commission rule. Plaintiff has alleged that defendant intentionally misrepresented the formation from which its well was completed and producing in order to deplete the reservoir, to plaintiffs' detriment. *See, Kingwood Oil Co. v. Corporation Commission,* 396 P.2d 1008, 1010 (Okla.1964) *(the right of the individual owner to take oil or gas from the reservoir in lawful operations is limited only by a duty to other owners not to injure the source of supply and not to take a disproportionate part of the oil and gas).* The Corporation Commission is a tribunal of lim-

ited jurisdiction. *Burmah Oil & Gas Co. v. Corporation Commission,* 541 P.2d 834 (Okla.1975). Respective rights and obligations of parties are to be determined by the district court. *Southern Union Production Co. v. Corporation Commission,* 465 P.2d 454 (Okla.1970). The case at bar is a drainage case, involving private rights, and does not require any determination to be made by the Corporation Commission under its authority to protect correlative rights.

For discussion of district court versus Corporation Commission jurisdiction, *see, Tenneco Oil Co. v. El Paso Natural Gas,* 687 P.2d 1049 (Okla.1984), *and its discussion in Brumark Corporation v. Samson Resources Corporation,* 57 F.3d 941, 945–947 (10th Cir. 1995), discussing differences between a district court's jurisdiction to determine the legal effect of Corporation Commission rules and orders and the Commission's jurisdiction to interpret, clarify, amend and supplement its orders as well as resolving any challenges to the public issue of conservation of oil and gas.

**CERTIORARI PREVIOUSLY GRANTED. THE OPINION OF THE COURT OF APPEALS IS VACATED AND THE ORDER OF THE DISTRICT COURT DISMISSING THE CAUSE IS REVERSED.**

All Justices concur.