GENERAL MOTORS ACCEPTANCE
CORPORATION, a corporation,
Petitioner,

v.

The Honorable Richard W. CARPENTER, Associate Judge of the District Court, Wagoner County, Oklahoma, Respondent.

No. 51938.

Supreme Court of Oklahoma.

March 28, 1978.

Prichard, Norman, Reed & Wohlgemuth by Stephen A. Schuller and Timothy J. Sullivan, Tulsa, for petitioner.

Joe P. Robertson, Robertson & Hicks, Wagoner, for respondent.

BERRY, Justice:

This matter involves the right to dismiss, under 12 O.S.1971 § 684, by plaintiff in an action where costs are, in part, governed by 12 O.S.Supp.1977 § 1580.

Petitioner here commenced an action in district court for replevin. Petitioner applied for a prejudgment order of delivery of the personal property involved. Defendant in trial court objected to prejudgment delivery. Respondent judge heard the application and objections and reserved ruling pending submission of briefs. Defendant submitted brief but our petitioner did not. Prior to court's ruling on application our petitioner dismissed the action under 12 O.S.1971 § 684. Later, having convened to rule on the application, trial judge proceeded to reopen the cause, deny the application for prejudgment delivery, and assess an attorney fee against our petitioner in favor of defendant.

Petitioner argues trial court exceeded his jurisdiction by attempting to reopen a case which had been dismissed as of right. Respondent argues that the matter is not dismissed because a § 684 dismissal is predicated on payment of costs and costs have not been paid. The argument is that § 1580 permits attorney fees to be assessed on behalf of the prevailing party, and taxed as costs in the case.

Parties have cited no case wherein we have had occasion to discuss attorney fee provisions of 12 O.S.Supp.1977 § 1580. However, we have considered the matter of attorney fees as costs both in the context of usury statutes, *Carter v. Rubrecht,* 188 Okl. 325, 108 P.2d 546, and mechanic's lien statutes. *Swan-Sigler, Inc. v. Black,* Okl., 414 P.2d 300. We believe the principles announced in those cases apply. Accordingly, we hold under 12 O.S.Supp.1977 § 1580, the right to attorney fees, taxed as costs, attaches only on behalf of a party who prevails on the merits.

Petitioner asks us to assume original jurisdiction in this matter, to vacate the order of trial court reopening the case and setting attorney fees, and to prohibit trial judge

from proceeding to enforce the order for costs.

██ We agree with petitioner. Once costs are paid and an action dismissed under 12 O.S.1971 § 684, there is nothing further any party may or can do in the action. Nor is there authority for trial court's action in reopening the matter.

██ Effectiveness of the dismissal depends upon payment of costs. Respondent's counsel argues that, as the prevailing party, defendant below was entitled by statute to an attorney fee taxed as costs. Our decisions in cases defining "prevailing party" hold that a prevailing party is one who finally prevails upon the merits. *Carter,* supra; *Swan-Sigler,* supra. In this case, defendant in trial court had not prevailed prior to dismissal. We conclude the action was properly dismissed.

██ Once an action has been dismissed, no jurisdiction remains in district court to go forward with the action. *El Reno Wholesale Grocery Co. v. District Court,* 161 Okl. 72, 17 P.2d 478. The district court improperly exercised judicial discretion in attempting to reopen the case.

██ Respondent argues our petitioner has the right of direct appeal, and we should not grant the extraordinary relief of prohibition. However, prohibition is indicated where trial court incorrectly assumes jurisdiction in a matter such as is before us.

██ We assume original jurisdiction. Respondent judge is prohibited from giving effect to or enforcing his order entered October 19, 1977, in cause No. C–77–200, *General Motors Acceptance Corporation v. Dan Fryer,* in district court in Wagoner County. The said order is vacated.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, SIMMS and DOOLIN, JJ., concur.