**UNDERWRITERS AT LLOYD'S OF LONDON, Plaintiff/Appellant,**

v.

**NORTH AMERICAN VAN LINES, Defendant/Appellee.**

No. 77195.

Supreme Court of Oklahoma.

April 14, 1992.

Linda G. Alexander, Patricia A. Kirch, Niemeyer, Noland & Alexander, Oklahoma City, for plaintiff/appellant.

David A. Cheek, Victor F. Albert, McKinney, Stringer & Webster, P.C., Oklahoma City, for defendant/appellee.

HARGRAVE, Justice.

This matter comes before us on a question of law certified to this Court from the Tenth Circuit Court of Appeals pursuant to 20 O.S.1981 § 1602:

Is a defendant, such as North American Van Lines, for whom judgment is not rendered but who reduces its liability by successfully asserting the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 11707, 10730, as its sole defense throughout the litigation a "prevailing party" entitled to costs under Okla.Stat. tit. 12 § 940?

We answer in the negative.

Title 12 O.S.1981 § 940 provides:

"A. In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action."

North American Van Lines was transporting the household goods of Robert and Lucinda Chapman when the goods were destroyed by a fire that completely destroyed the transport vehicle. Lloyd's reimbursed the Chapmans in excess of $100,-000.00 (One Hundred Thousand Dollars) pursuant to their insurance contract and sued North American for subrogation. At one point, North American apparently offered to confess judgment for $8,000.00 (Eight Thousand Dollars) under Rule 68, Federal Rules Civil Procedure. At trial, the jury returned a verdict in favor of Lloyd's for $70,000.00 (Seventy Thousand Dollars) based on a common law negligence theory. North American had answered asserting, among other things, that plaintiff had contractually limited its recovery to $.60 per pound of damaged goods, as set forth in the written agreement of the parties.

North American appealed, asserting that the Carmack Amendment to the Interstate Commerce Code preempted the common law negligence cause of action. The Carmack Amendment is a codification of the common law rule of liability for negligent damage to goods in interstate transport. The Tenth Circuit Court of Appeals, in *Underwriters at Lloyd's, London v. North American Van Lines*, 890 F.2d 1112 (10th Cir.1989), held that the Carmack Amendment preempted the common law cause of action for negligent destruction of property and vacated the trial court's decision, limited plaintiff's damages to the released value of $.60 per pound per article as established

by the bill of lading, and instructed the trial court to enter judgment in conformity with the opinion. On January 31, 1990 the trial court entered an order for the parties to show cause why judgment should not be entered in favor of Lloyd's, London for $7,500.00 (Seven Thousand, Five Hundred Dollars) as per the Tenth Circuit's mandate. On March 28, 1990 the trial court entered judgment for Lloyd's in the amount of $7,500.00 (Seven Thousand, Five Hundred Dollars) against North American. No award of costs or attorneys fees was made in that order.

On April 1, 1990 North American filed an application for attorney's fees. The trial court ruled that North American was the prevailing party on its defense and was entitled to attorney's fees both under *Clayton v. Missouri–Kansas–Texas RR. Co.* [1] and pursuant to Rule 68, Federal Rules Civil Procedure offer of judgment. Lloyd's appealed and this federal certified question followed. *We are not asked to address the effect of the defendant's offer of judgment.*

The only question presented for our consideration is whether under the stated facts, North American is the prevailing party within the meaning of 12 O.S.1981 § 940A. We look to other cases that have considered the "prevailing party" question. In *Carter v. Rubrecht*, 188 Okla. 325, 108 P.2d 546 (1940), we held, in construing then-effective 15 O.S. § 268, that defendant was not a prevailing party where plaintiff had sued to recover a usury penalty, defendant had answered by general and specific denial and did not ask for affirmative relief, and plaintiff dismissed the action without prejudice. By way of distinction, we cited cases where plaintiff had sued on a promissory note and defendant by answer sought to recover the usury penalty and prevailed on the usury claim and thus defendant was the prevailing party entitled to attorney fee to be taxed as costs against

1. *Clayton v. Missouri–Kansas–Texas RR. Co.*, 901 F.2d 833 (10th Cir.1990), held that the Carmack Amendment, although preempting state common law negligence claims against common carriers for negligent loss or damage to goods shipped in interstate commerce, did not preempt Oklahoma's statute providing attorney fees for negligent or willful injury to property, 12 O.S. § 940A.

the losing party on the merits. We went on to say, at 108 P.2d p. 548:

> "... And it is also apparent that the court has regarded as the prevailing party, the party who prevailed on the merits, and has regarded as the losing party, and the party subject to additional penalty of an attorney's fee for his adversary, the party who lost upon the merits. That is, it appears to have been the policy to tax the attorney's fee only in those cases where the other party was determined by final judgment to be the losing party on the issue of the usury penalty."

We went on in that case to say that plaintiff's dismissal of the case without prejudice did not mean that plaintiff was the loser. "While a defendant might be said to prevail on the pleadings or in the action when plaintiff dismisses without prejudice, yet he has not finally prevailed upon the issue tendered in plaintiff's petition." See also, *General Motors Acceptance Corp. v. Carpenter*, 576 P.2d 1166 (Okla.1978), and *Swan–Sigler, Inc. v. Black*, 414 P.2d 300 (Okla.1966). In *Swan–Sigler*, we interpreted "prevailing party" as used in *Keaton v. Branch*, 104 Okla. 287, 231 P. 289 (1924), pursuant to 42 O.S. § 176, as meaning the party for whom judgment is rendered, meaning in that instance a judgment upon the validity or invalidity of the lien.

Later, in *Wieland v. Danner Auto Supply, Inc.*, 695 P.2d 1332, 1334 (Okla.1984), we said that when judgment by confession is entered against a defendant, the plaintiff, as recipient of the award is clearly the successful party. We went on to say that a judgment is the final determination of the rights of the parties in an action, and a judgment by confession taken against a defendant under 12 O.S. § 1101 is a final determination that a plaintiff has prevailed on his claim and plaintiff may recover his reasonable attorney fees accruing up to and including the date defendant's offer to confess judgment was received.

In *Evans v. Sitton*, 735 P.2d 334 (Okla.1987), we interpreted 12 O.S.1981 § 940. We said that under § 940(A), if judgment is rendered for defendant, the defendant is entitled to attorney's fees as the prevailing party. We said that if plaintiff receives a verdict, plaintiff is entitled to attorney's fees, subject to subsection B of § 940. With respect to § 940(B), we said that if plaintiff prevails but receives a judgment for a lesser amount than the defendant offered, then the plaintiff is not entitled to recover attorney fees and costs, but, we said, "Nothing, however dictates that defendant should be awarded attorney fees." We pointed out that paragraph B of § 940 is merely a bar to the recovery of fees and costs by a plaintiff who otherwise would be entitled to them. In that case we held that neither party should be awarded attorney's fees where plaintiff's recovery was for less than defendant had offered.

North American cites *Marino v. Otis Engineering Corp.*, 839 F.2d 1404 (10th Cir. 1988), for the proposition that a defendant who successfully defends against plaintiff's negligence action can be a prevailing party under 12 O.S.1981 § 940A. However, in that case defendant received a defense verdict and plaintiff took nothing on its claim. Further, in that case the question was not whether defendant could be a prevailing party under the statute but whether the case was one involving injury to a property right within the meaning of the statute. In *Mid–State Homes, Inc. v. Johnston*, 547 P.2d 1302 (Okla.1976), defendant was accorded prevailing party status under 42 O.S. § 176 where plaintiff was denied any judgment and defendant defeated plaintiff's mortgage foreclosure action.

Defendant makes much of the fact that plaintiff proceeded throughout the case on a common law negligence claim, implying that plaintiff was somehow remiss in doing so where the Tenth Circuit ultimately held that the Carmack Amendment preempted a common-law negligence claim. The law in the Tenth Circuit prior to this case, however, had been that the Carmack Amendment *did not* bar such common law actions by shippers against carriers. *Reed v. Aaacon Auto Transport, Inc.*, 637 F.2d 1302 (10th Cir.1981), *Litvak Meat Co. v. Baker*, 446 F.2d 329 (10th Cir.1971) and *L.E. Whitlock Truck Service, Inc. v. Regal Drilling Co.*, 333 F.2d 488 (10th Cir.1964). The aforecited cases were overruled, to the ex-

tent that they hold otherwise, in the Tenth Circuit's opinion in the case at bar, *Underwriters at Lloyd's, London v. North American Van Lines, supra.*

Our interpretation is that "prevailing party" as used in § 940 of Title 12 is the party for whom judgment is rendered. In the case at bar, the plaintiff prevailed on its claim that its property had been damaged while in the defendant's care. The Tenth Circuit opinion in the case at bar noted at the outset that North American did not appeal the jury's finding of negligence; the court stated that North American only appealed the issue of damages, asking the Tenth Circuit to reconsider its position on the preemptive effect of the Carmack Amendment on common law negligence remedies. Although defendant in the case at bar argues that it has prevailed on its claim, in fact defendant was successful in its defense to limit the amount of plaintiff's recovery. The statute that entitles the prevailing party to reasonable attorney's fees as costs is one where the action is for negligent injury to property. Defendant was not the party who prevailed on the claim that statutorily entitled the prevailing party to attorney's fees. We are not faced here with a situation, as in *Welling v. American Roofing & Sheet Metal Co., Inc.,* 617 P.2d 206 (Okla.1980), where both sides were entitled to reasonable attorney's fees where each prevailed on a separate statute entitling them to attorney's fees.

The question as posed to this Court recognizes that defendant is the party for whom judgment was not rendered. The essence of the question involves whether a defense, though successful in limiting plaintiff's damages, but not resulting in a judgment for the defendant, entitles the defendant to prevailing party status under 12 O.S.1981 § 940. Under the facts submitted, we answer in the negative. As stated above, we offer no opinion as to the effect of defendant's offer of judgment under Rule 68, Federal Rules Civil Procedure on the entitlement of either party to attorney's fees.

Federal Certified Question Answered.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, SIMMS, and KAUGER, JJ., concur.

ALMA WILSON, J., concurs in judgment. SUMMERS, J., dissents.