OSCN Found Document:AUSTIN PLACE, L.L.C. v. MARTS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 AUSTIN PLACE, L.L.C. v. MARTS
2015 OK CIV APP 2
Case Number: 111564
Decided: 12/09/2014
Mandate Issued: 01/07/2015
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2015 OK CIV APP 2, __ P.3d __

 

AUSTIN PLACE, L.L.C., Plaintiff/Appellant,
v.
GREG MARTS, EARLENE MARTS, a/k/a WILL EARLENE MARTS, DONALD WILLEFORD and DEBBIE WILLEFORD, Defendants/Appellees,
and
DANIEL and CADANCE BARNEY, Husband and Wife, Third-Party Defendants.



APPEAL FROM THE DISTRICT COURT OF PITTSBURG COUNTY, OKLAHOMA

HONORABLE JAMES D. BLAND, TRIAL JUDGE



REVERSED



Donald R. Hackler, HACKLER AND HACKLER, McAlester, Oklahoma, for Plaintiff/Appellant
Brendon Bridges, Eufaula, Oklahoma, for Defendants/Appellees




JOHN F. FISCHER, PRESIDING JUDGE:


¶1 Plaintiff/Appellant Austin Place, L.L.C. appeals the decision of the district court awarding Defendants/Appellees Greg Marts, Earlene Marts a/k/a Will Earlene Marts, Donald Willeford and Debbie Willeford attorney fees in relation to Austin Place's forcible entry and detainer action. We reverse finding that Defendants were not the prevailing parties on the forcible entry and detainer action and the district court possessed no jurisdiction to award attorney fees to the Defendants upon a claim that had been voluntarily dismissed.

BACKGROUND

¶2 Plaintiff/Appellant Austin Place, L.L.C. (Austin Place) is the owner of a subdivision known as Castaway Cove in Pittsburg County, Oklahoma. In the District Court of Pittsburg County case number CV-10-105, Austin Place filed a forcible entry and detainer action against Defendants/Appellees Greg Marts, Earlene Marts a/k/a Will Earlene Marts, Donald Willeford and Debbie Willeford (collectively Defendants) in relation to certain alleged unlawful encroachments by the Defendants upon one of the roads in the subdivision known as Navajo Trail.[1] Austin Place sought an order restraining the Defendants from interfering with its surveyor hired to survey the portion of the subdivision at issue to determine the amount of the Defendants' encroachments. Austin Place further requested that the court award it possession of the portions of Navajo Trail unlawfully encroached upon by the Defendants, and enjoin and restrain the Defendants from interfering with its ownership and possession of such property.

¶3 In their Answer, the Defendants asserted that Austin Place's forcible entry and detainer action was barred by the two-year statute of limitations, and any remaining claims were barred by waiver and laches. The Defendants also asserted a counterclaim against Austin Place. First, the Defendants sought an easement implied from prior use upon all of the roads in Castaway Cove, including but not limited to, Navajo Trail, Cheyenne, and Blackfoot Trail. The Defendants alleged that they had relied upon the existence of the roads in Castaway Cove when they purchased their lots, and they had maintained such roads for several years. In the alternative, the Defendants sought possession of the property by adverse possession and easements by way of prescription. Second, the Defendants sought an injunction to prevent Austin Place from interfering with their use and maintenance of such roads, including Navajo Trail. The Defendants filed a Motion for Partial Summary Judgment on their claim for an easement implied from prior use across all roads in Castaway Cove, including Navajo Trail, Cheyenne and Blackfoot Trail in accordance with the unrecorded plat of Castaway Cove. The district court granted the Defendants' motion and awarded them the requested easement.

¶4 The Defendants then filed an Amended Answer and Counterclaims asserting a cause of action against Third Party Defendants Daniel and Candace Barney (the Barneys), owners of lots in Castaway Cove and the managers of Austin Place, for alleged encroachments by the Barneys upon the Defendants' easements across Cheyenne Trail. The Defendants sought an injunction against the Barneys to prevent any interference with the Defendants' right to use and enjoy the roads of Castaway Cove and to require the Barneys to remove such encroachments. The Barneys denied the Defendants' allegations.

¶5 Austin Place filed an Amended Petition which recognized the easement granted to the Defendants by the district court's partial summary judgment order. As part of its forcible entry and detainer action, Austin Place claimed the Defendants were unlawfully encroaching upon the road easements, and requested that the Defendants be required to remove all such encroachments and obstacles. Austin Place sought an injunction from the district court preventing the Defendants from utilizing the easements for any purpose other than vehicular ingress and egress. In its Answer to the Defendants' request for an injunction, Austin Place agreed that the Defendants should be permitted and required to maintain the roads of Castaway Cove and requested the district court establish the standards of maintenance for the same.

¶6 Following the pretrial conference, the district court approved the pretrial order and ordered the parties to submit briefs on the issue of the statute of limitations. At the hearing on the issue of the statute of limitations, counsel for Austin Place admitted that all but one of the encroachments complained about had been in place longer than two years. However, the district court allowed Austin Place to file a motion to amend its petition in accordance with the changed positions of the parties following the order granting the Defendants a permanent easement. As to the statute of limitations issue, the district court stated: "I've found that the statute of limitations applies to any alleged encroachments that were in existence more than two years prior to the filing of this action, as to the forcible entry and detainer claim." (Pittsburg County Case Number CV-10-105, Transcript of Proceedings, December 16, 2011, p. 10). In its corresponding minute order, the district court ruled: "The Court finds that as to Plaintiff's Forcible Entry and Detainer cause of action, the statute of limitation is applicable regarding any alleged encroachments existing more than two years prior to the filing of this action." (Pittsburg County Case Number CV-10-105, Minute Order (Summary), December 16, 2011, R. 254).

¶7 Austin Place filed a motion to amend its Petition and vacate the pretrial order asserting a theory of recovery based on ejectment and also seeking an injunction. Austin Place sought to vacate the existing pretrial order so that a new pretrial order could be entered consistent with its amended petition. The Defendants objected and following a hearing on the matter, the district court denied Austin Place's motion to amend and motion to vacate. Austin Place subsequently dismissed its forcible entry and detainer claim in Pittsburg County case number CV-10-105 without prejudice leaving the Defendants' counterclaims the only claims pending in that case. Following the dismissal, the Defendants filed a Motion for Attorney Fees contending they were the prevailing parties as to the forcible entry and detainer cause of action. The district court denied the Defendants' motion without prejudice.

¶8 Austin Place filed a second Petition against the Defendants in the District Court of Pittsburg County, case number CV-12-25, the same day it dismissed case number CV-10-105 seeking a permanent injunction to prohibit the Defendants from obstructing the streets of Castaway Cove and all activity upon such roads other than ingress or egress but not reasserting forcible and detainer. The Defendants sought dismissal of Pittsburg County case number CV-12-25 on the grounds that the same issues were being litigated in CV-10-105 and Austin Place's claim was barred by claim preclusion. The district court denied the motion to dismiss. By agreement of the parties, the district court then consolidated cases CV-10-105 and CV-12-25. A non-jury trial was conducted after which the district court ordered the parties to submit additional authority on the issue of co-tenancy in relation to the defense raised by Austin Place to Defendants' theory of recovery based on adverse possession. Austin Place argued that the parties were co-tenants in the use and enjoyment of the streets of Castaway Cove, and because no ouster had occurred the Defendants' possession of the encroachments could not be adverse. The district court found in favor of the Defendants and against Austin Place on the basis of adverse possession, laches and waiver.

¶9 Following the district court's ruling, the Defendants' reurged their motion for attorney fees as the prevailing parties on Austin Place's forcible entry and detainer claim in case number CV-10-105. Following a hearing on the matter, the district court granted the Defendants' motion for attorney fees finding:



1. Before consolidation with this case, the Defendants were the prevailing parties, pursuant to 12 Okl.St.Ann. § 1148.9, in the action for forcible entry and detainer filed by the Plaintiff in Pittsburg County Case, case number CV-2010-105.

2. That the Defendants prevailed in Pittsburg County Case, case number CV-2010-105, based on the Defendants' affirmative defense that the statute of limitations had expired on the forcible entry and detainer claim set forth in Plaintiff's Petition in CV-2010-105.



(Pittsburg County Case Number CV-12-25, Order Granting Defendants' Application for Attorney Fees, R. 158). It is from the order granting the Defendants' attorney fees that Austin Place instituted the present appeal.

STANDARD OF REVIEW

¶10 Whether a party is entitled to an attorney fee pursuant to a statute is a question of law, reviewed de novo. Boston Ave. Mgmt., Inc. v. Associated Res., Inc., 2007 OK 5, ¶ 10, 152 P.3d 880, 884-885. See also, Finnell v. Jebco Seismic, 2003 OK 35, ¶ 7, 67 P.3d 339, 342. De novo review requires a non-deferential, plenary and independent review of the trial court's legal rulings. Id.

ANALYSIS

¶11 On appeal, Austin Place contends the district court erred in awarding the Defendants attorney fees, because the Defendants were not the prevailing party on its forcible entry and detainer action. Austin Place argues that factual questions remained following the district court's ruling upon the statute of limitations in case number CV-10-105 regarding whether each of the alleged encroachments existed and if so, when the encroachments first occurred. Austin Place claims that because no determination was made by the district court regarding such issues prior to Austin Place's dismissal of the forcible entry and detainer claim, no party prevailed upon such claim.

¶12 Title 12 O.S.2011 § 1148.9 provides that in forcible entry and detainer actions "A reasonable attorney fee shall be allowed by the court to the prevailing party." The Oklahoma Supreme Court has declared that "Statutes authorizing the award of attorney's fees must be strictly construed, and exceptions to the American Rule are carved out with great caution because liberality of attorney's fees awards against the non-prevailing party have a chilling effect on open access to the courts." Eagle Bluff, L.L.C. v. Taylor, 2010 OK 47, ¶ 16, 237 P.3d 173, 179.

¶13 "'Prevailing party,' as a non-legal term, ordinarily means the stronger party or the victorious party. Coinciding with its ordinary meaning, 'prevailing party,' as a legal term of art, means the successful party who has been awarded some relief on the merits of his or her claim." Sooner Builders & Inv., Inc. v. Nolan Hatcher Constr. Serv., L.L.C., 2007 OK 50, ¶ 17, 164 P.3d 1063, 1069. See also, Professional Credit Collections, Inc. v. Smith, 1997 OK 19, ¶ 12, 933 P.2d 307, 311 ("The definition of a prevailing party cannot narrowly be confined to one who obtains judgment after a trial on the merits. The operative factor under § 936 is success, not the particular stage at which success is achieved").

¶14 The Oklahoma Supreme Court stated in General Motors Acceptance Corp. v. Carpenter, 1978 OK 39, 576 P.2d 1166 that: "Our decisions in cases defining 'prevailing party' hold that a prevailing party is one who finally prevails upon the merits. In this case, defendant in trial court had not prevailed prior to dismissal." Id. ¶ 7, 576 P.2d at 1168. The Supreme Court found in Underwriters at Lloyd's of London v. North Am. Van Lines, 1992 OK 48, 829 P.2d 978: "The essence of the question involves whether a defense, though successful in limiting plaintiff's damages, but not resulting in a judgment for the defendant, entitles the defendant to prevailing party status under 12 O.S.1981 § 940. Under the facts submitted, we answer in the negative." Id. ¶ 11, 829 P.2d at 981.

¶15 Title 12 O.S.2011 § 696.2(D) defines a judgment, decree or appealable order as follows: "The following shall not constitute a judgment, decree or appealable order: A minute entry; verdict; informal statement of the proceedings and relief awarded, including, but not limited to, a letter to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order." In the present action, the district court did not enter a judgment on behalf of the Defendants on Austin Place's forcible entry and detainer claim as set forth in § 696.2(D).

¶16 At the hearing in case number CV-10-105 concerning the statute of limitations, Austin Place conceded that only one encroachment had been in existence for less than two years. No evidence was presented at the hearing concerning the dates for the installation of any of the encroachments. The district court stated on the record its finding that the two-year statute of limitations was applicable to any encroachments in existence longer than two years. The district court entered a minute order reflecting such finding. The district court considered no evidence and made no findings at the hearing as to which of the encroachments the statute of limitations would apply. Following the district court's denial of its motion to amend, Austin Place dismissed its claim for forcible entry and detainer.[2]

¶17 Following the entry of judgment in Defendants' favor in the consolidated cases after the non-jury trial, the district court granted attorney fees to the Defendants finding:



1. Before consolidation with this case, the Defendants were the prevailing parties, pursuant to 12 Okl.St.Ann. § 1148.9, in the action for forcible entry and detainer filed by the Plaintiff in Pittsburg County Case, case number CV-2010-105.

2. That the Defendants prevailed in Pittsburg County Case, case number CV-2010-105, based on the Defendants' affirmative defense that the statute of limitations had expired on the forcible entry and detainer claim set forth in Plaintiff's Petition in CV-2010-105.



(Pittsburg County Case Number CV-12-25, Order Granting Defendants' Application for Attorney Fees, R. 158). However, at no time did the district court in case number CV-10-105 enter an order finding that any of the alleged encroachments were barred by the statute of limitations. Furthermore, the district court did not enter final judgment on behalf of the Defendants on Austin Place's forcible entry and detainer claim as set forth in 12 O.S.2011 § 696.2(D), nor did the district court grant the Defendants any affirmative relief. Instead, Austin Place dismissed its forcible entry and detainer claim, with no objection by the Defendants. As such, the district court's subsequent finding that the Defendants were the prevailing parties upon Austin Place's forcible entry and detainer claim is unsupported by the record. Because no judgment was entered and no affirmative relief granted by the district court in favor of the Defendants upon Austin Place's forcible entry and detainer claim, the Defendants were not the prevailing party as to that claim. Accordingly, the district court's award of attorney fees to the Defendants upon Austin Place's forcible entry and detainer claim in accordance with 12 O.S.2011 § 1148.9 is hereby reversed.

¶18 Because we find the Defendants were not entitled to attorney fees pursuant to 12 O.S.2011 § 1148.9 in the district court, the Defendants' motion for attorney fees on appeal is denied.

CONCLUSION

¶19 We find that no judgment was entered nor any affirmative relief granted by the district court in accordance with 12 O.S.2011 § 696.2(D) in favor of the Defendants upon Austin Place's forcible entry and detainer claim in case number CV-10-105 prior to Austin Place's dismissal of such claim. As such, the Defendants were not the prevailing party upon the forcible entry and detainer claim, thus the district court's subsequent award of attorney fees to the Defendants pursuant to 12 O.S.2011 § 1148.9 is reversed. Because we find the Defendants were not entitled to attorney fees pursuant to 12 O.S.2011 § 1148.9 in the district court, the Defendants' motion for appeal related attorney fees is denied.


¶20 REVERSED.



RAPP, J., and THORNBRUGH, J., concur.



FOOTNOTES


[1] Austin Place named an additional party in its Petition who was later dismissed.



[2] Title 12 O.S.Supp.2004 § 683(1) states that the plaintiff may dismiss an action without prejudice "before the final submission of the case to the jury, or to the court, where the trial is by the court." The record on appeal reflects no objection made by the Defendants to Austin Place's dismissal of its forcible entry and detainer claim, and as such we will not consider the propriety of such dismissal.










 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1992 OK 48, 829 P.2d 978, 63 OBJ 1130, Underwriters at Lloyd's of London v. North American Van Lines.
Discussed
 1997 OK 19, 933 P.2d 307, 68 OBJ 783, Professional Credit Collections, Inc. v. Smith
Discussed
 2003 OK 35, 67 P.3d 339, FINNELL v. JEBCO SEISMIC
Discussed
 2007 OK 5, 152 P.3d 880, BOSTON AVENUE MANAGEMENT, INC. v. ASSOCIATED RESOURCES, INC.
Discussed
 2007 OK 50, 164 P.3d 1063, SOONER BUILDERS & INVESTMENTS, INC. v. NOLAN HATCHER CONSTRUCTION SERVICES, L.L.C.
Discussed
 2010 OK 47, 237 P.3d 173, EAGLE BLUFF, L.L.C. v. TAYLOR
Discussed
 1978 OK 39, 576 P.2d 1166, GENERAL MOTORS ACCEPTANCE CORP. v. CARPENTER
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 683, Dismissal without Prejudice
Cited
 12 O.S. 696.2, Judgment, Decree or Appealable Order to be Written - Preparation of Written Documents - Filing - Mailing - Effect
Discussed at Length
 12 O.S. 940, Negligent or Willful Injury to Property - Attorney's Fees and Costs - Offer and Acceptance of Judgment
Cited
 12 O.S. 1148.9, Attorney Fee
Discussed at Length