OSCN Found Document:AUSTIN PLACE, L.L.C. v. MARTS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 AUSTIN PLACE, L.L.C. v. MARTS
2015 OK CIV APP 2
341 P.3d 693
Case Number: 111564
Decided: 12/09/2014
Mandate Issued: 01/07/2015
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2015 OK CIV APP 2, 341 P.3d 693

 

AUSTIN PLACE, L.L.C., Plaintiff/Appellant,
v.
GREG MARTS, 
EARLENE MARTS, a/k/a WILL EARLENE MARTS, DONALD WILLEFORD and DEBBIE WILLEFORD, 
Defendants/Appellees,
and
DANIEL and CADANCE BARNEY, Husband and Wife, 
Third-Party Defendants.

APPEAL FROM THE DISTRICT COURT OF PITTSBURG COUNTY, OKLAHOMA
HONORABLE JAMES D. BLAND, TRIAL JUDGE

REVERSED

Donald R. Hackler, HACKLER AND HACKLER, McAlester, Oklahoma, for 
Plaintiff/Appellant
Brendon Bridges, Eufaula, Oklahoma, for 
Defendants/Appellees


JOHN F. FISCHER, PRESIDING JUDGE:
¶1 Plaintiff/Appellant Austin Place, L.L.C. appeals the decision of the 
district court awarding Defendants/Appellees Greg Marts, Earlene Marts a/k/a 
Will Earlene Marts, Donald Willeford and Debbie Willeford attorney fees in 
relation to Austin Place's forcible entry and detainer action. We reverse 
finding that Defendants were not the prevailing parties on the forcible entry 
and detainer action and the district court possessed no jurisdiction to award 
attorney fees to the Defendants upon a claim that had been voluntarily 
dismissed.
BACKGROUND
¶2 Plaintiff/Appellant Austin Place, L.L.C. (Austin Place) is the owner of a 
subdivision known as Castaway Cove in Pittsburg County, Oklahoma. In the 
District Court of Pittsburg County case number CV-10-105, Austin Place filed a 
forcible entry and detainer action against Defendants/Appellees Greg Marts, 
Earlene Marts a/k/a Will Earlene Marts, Donald Willeford and Debbie Willeford 
(collectively Defendants) in relation to certain alleged unlawful encroachments 
by the Defendants upon one of the roads in the subdivision known as Navajo 
Trail.[1] Austin 
Place sought an order restraining the Defendants from interfering with its 
surveyor hired to survey the portion of the subdivision at issue to determine 
the amount of the Defendants' encroachments. Austin Place further requested that 
the court award it possession of the portions of Navajo Trail unlawfully 
encroached upon by the Defendants, and enjoin and restrain the Defendants from 
interfering with its ownership and possession of such property.
¶3 In their Answer, the Defendants asserted that Austin Place's forcible 
entry and detainer action was barred by the two-year statute of limitations, and 
any remaining claims were barred by waiver and laches. The Defendants also 
asserted a counterclaim against Austin Place. First, the Defendants sought an 
easement implied from prior use upon all of the roads in Castaway Cove, 
including but not limited to, Navajo Trail, Cheyenne, and Blackfoot Trail. The 
Defendants alleged that they had relied upon the existence of the roads in 
Castaway Cove when they purchased their lots, and they had maintained such roads 
for several years. In the alternative, the Defendants sought possession of the 
property by adverse possession and easements by way of prescription. Second, the 
Defendants sought an injunction to prevent Austin Place from interfering with 
their use and maintenance of such roads, including Navajo Trail. The Defendants 
filed a Motion for Partial Summary Judgment on their claim for an easement 
implied from prior use across all roads in Castaway Cove, including Navajo 
Trail, Cheyenne and Blackfoot Trail in accordance with the unrecorded plat of 
Castaway Cove. The district court granted the Defendants' motion and awarded 
them the requested easement.
¶4 The Defendants then filed an Amended Answer and Counterclaims asserting a 
cause of action against Third Party Defendants Daniel and Candace Barney (the 
Barneys), owners of lots in Castaway Cove and the managers of Austin Place, for 
alleged encroachments by the Barneys upon the Defendants' easements across 
Cheyenne Trail. The Defendants sought an injunction against the Barneys to 
prevent any interference with the Defendants' right to use and enjoy the roads 
of Castaway Cove and to require the Barneys to remove such encroachments. The 
Barneys denied the Defendants' allegations.
¶5 Austin Place filed an Amended Petition which recognized the easement 
granted to the Defendants by the district court's partial summary judgment 
order. As part of its forcible entry and detainer action, Austin Place claimed 
the Defendants were unlawfully encroaching upon the road easements, and 
requested that the Defendants be required to remove all such encroachments and 
obstacles. Austin Place sought an injunction from the district court preventing 
the Defendants from utilizing the easements for any purpose other than vehicular 
ingress and egress. In its Answer to the Defendants' request for an injunction, 
Austin Place agreed that the Defendants should be permitted and required to 
maintain the roads of Castaway Cove and requested the district court establish 
the standards of maintenance for the same.
¶6 Following the pretrial conference, the district court approved the 
pretrial order and ordered the parties to submit briefs on the issue of the 
statute of limitations. At the hearing on the issue of the statute of 
limitations, counsel for Austin Place admitted that all but one of the 
encroachments complained about had been in place longer than two years. However, 
the district court allowed Austin Place to file a motion to amend its petition 
in accordance with the changed positions of the parties following the order 
granting the Defendants a permanent easement. As to the statute of limitations 
issue, the district court stated: "I've found that the statute of limitations 
applies to any alleged encroachments that were in existence more than two years 
prior to the filing of this action, as to the forcible entry and detainer 
claim." (Pittsburg County Case Number CV-10-105, Transcript of Proceedings, 
December 16, 2011, p. 10). In its corresponding minute order, the district court 
ruled: "The Court finds that as to Plaintiff's Forcible Entry and Detainer cause 
of action, the statute of limitation is applicable regarding any alleged 
encroachments existing more than two years prior to the filing of this action." 
(Pittsburg County Case Number CV-10-105, Minute Order (Summary), December 16, 
2011, R. 254).
¶7 Austin Place filed a motion to amend its Petition and vacate the pretrial 
order asserting a theory of recovery based on ejectment and also seeking an 
injunction. Austin Place sought to vacate the existing pretrial order so that a 
new pretrial order could be entered consistent with its amended petition. The 
Defendants objected and following a hearing on the matter, the district court 
denied Austin Place's motion to amend and motion to vacate. Austin Place 
subsequently dismissed its forcible entry and detainer claim in Pittsburg County 
case number CV-10-105 without prejudice leaving the Defendants' counterclaims 
the only claims pending in that case. Following the dismissal, the Defendants 
filed a Motion for Attorney Fees contending they were the prevailing parties as 
to the forcible entry and detainer cause of action. The district court denied 
the Defendants' motion without prejudice.
¶8 Austin Place filed a second Petition against the Defendants in the 
District Court of Pittsburg County, case number CV-12-25, the same day it 
dismissed case number CV-10-105 seeking a permanent injunction to prohibit the 
Defendants from obstructing the streets of Castaway Cove and all activity upon 
such roads other than ingress or egress but not reasserting forcible and 
detainer. The Defendants sought dismissal of Pittsburg County case number 
CV-12-25 on the grounds that the same issues were being litigated in CV-10-105 
and Austin Place's claim was barred by claim preclusion. The district court 
denied the motion to dismiss. By agreement of the parties, the district court 
then consolidated cases CV-10-105 and CV-12-25. A non-jury trial was conducted 
after which the district court ordered the parties to submit additional 
authority on the issue of co-tenancy in relation to the defense raised by Austin 
Place to Defendants' theory of recovery based on adverse possession. Austin 
Place argued that the parties were co-tenants in the use and enjoyment of the 
streets of Castaway Cove, and because no ouster had occurred the Defendants' 
possession of the encroachments could not be adverse. The district court found 
in favor of the Defendants and against Austin Place on the basis of adverse 
possession, laches and waiver.
¶9 Following the district court's ruling, the Defendants' reurged their 
motion for attorney fees as the prevailing parties on Austin Place's forcible 
entry and detainer claim in case number CV-10-105. Following a hearing on the 
matter, the district court granted the Defendants' motion for attorney fees 
finding:

 
 1. Before consolidation with this case, the Defendants were the 
 prevailing parties, pursuant to 12 Okl.St.Ann. § 1148.9, in the action for 
 forcible entry and detainer filed by the Plaintiff in Pittsburg County Case, 
 case number CV-2010-105.
 2. That the Defendants prevailed in Pittsburg County Case, case number 
 CV-2010-105, based on the Defendants' affirmative defense that the statute 
 of limitations had expired on the forcible entry and detainer claim set 
 forth in Plaintiff's Petition in CV-2010-105.
(Pittsburg County Case Number CV-12-25, Order Granting Defendants' 
Application for Attorney Fees, R. 158). It is from the order granting the 
Defendants' attorney fees that Austin Place instituted the present appeal.
STANDARD OF REVIEW
¶10 Whether a party is entitled to an attorney fee pursuant to a statute is a 
question of law, reviewed de novo. Boston Ave. Mgmt., Inc. v. Associated 
Res., Inc., 2007 OK 5, ¶ 10, 
152 P.3d 880, 884-885. See 
also, Finnell v. Jebco Seismic, 2003 OK 35, ¶ 7, 67 P.3d 339, 342. De novo 
review requires a non-deferential, plenary and independent review of the 
trial court's legal rulings. Id.
ANALYSIS
¶11 On appeal, Austin Place contends the district court erred in awarding the 
Defendants attorney fees, because the Defendants were not the prevailing party 
on its forcible entry and detainer action. Austin Place argues that factual 
questions remained following the district court's ruling upon the statute of 
limitations in case number CV-10-105 regarding whether each of the alleged 
encroachments existed and if so, when the encroachments first occurred. Austin 
Place claims that because no determination was made by the district court 
regarding such issues prior to Austin Place's dismissal of the forcible entry 
and detainer claim, no party prevailed upon such claim.
¶12 Title 12 O.S.2011 § 1148.9 
provides that in forcible entry and detainer actions "A reasonable attorney fee 
shall be allowed by the court to the prevailing party." The Oklahoma Supreme 
Court has declared that "Statutes authorizing the award of attorney's fees must 
be strictly construed, and exceptions to the American Rule are carved out with 
great caution because liberality of attorney's fees awards against the 
non-prevailing party have a chilling effect on open access to the courts." 
Eagle Bluff, L.L.C. v. Taylor, 2010 OK 47, ¶ 16, 237 P.3d 173, 179.
¶13 "'Prevailing party,' as a non-legal term, ordinarily means the stronger 
party or the victorious party. Coinciding with its ordinary meaning, 'prevailing 
party,' as a legal term of art, means the successful party who has been awarded 
some relief on the merits of his or her claim." Sooner Builders & Inv., 
Inc. v. Nolan Hatcher Constr. Serv., L.L.C., 2007 OK 50, ¶ 17, 164 P.3d 1063, 1069. See also, 
Professional Credit Collections, Inc. v. Smith, 1997 OK 19, ¶ 12, 933 P.2d 307, 311 ("The definition 
of a prevailing party cannot narrowly be confined to one who obtains judgment 
after a trial on the merits. The operative factor under § 936 is success, not 
the particular stage at which success is achieved").
¶14 The Oklahoma Supreme Court stated in General Motors Acceptance Corp. 
v. Carpenter, 1978 OK 39, 576 P.2d 1166 that: "Our decisions 
in cases defining 'prevailing party' hold that a prevailing party is one who 
finally prevails upon the merits. In this case, defendant in trial court had not 
prevailed prior to dismissal." Id. ¶ 7, 576 P.2d at 1168. The Supreme 
Court found in Underwriters at Lloyd's of London v. North Am. Van Lines, 
1992 OK 48, 829 P.2d 978: "The essence of the 
question involves whether a defense, though successful in limiting plaintiff's 
damages, but not resulting in a judgment for the defendant, entitles the 
defendant to prevailing party status under 12 O.S.1981 § 940. Under the facts 
submitted, we answer in the negative." Id. ¶ 11, 829 P.2d at 981.
¶15 Title 12 O.S.2011 § 
696.2(D) defines a judgment, decree or appealable order as follows: "The 
following shall not constitute a judgment, decree or appealable order: A minute 
entry; verdict; informal statement of the proceedings and relief awarded, 
including, but not limited to, a letter to a party or parties indicating the 
ruling or instructions for preparing the judgment, decree or appealable order." 
In the present action, the district court did not enter a judgment on behalf of 
the Defendants on Austin Place's forcible entry and detainer claim as set forth 
in § 696.2(D).
¶16 At the hearing in case number CV-10-105 concerning the statute of 
limitations, Austin Place conceded that only one encroachment had been in 
existence for less than two years. No evidence was presented at the hearing 
concerning the dates for the installation of any of the encroachments. The 
district court stated on the record its finding that the two-year statute of 
limitations was applicable to any encroachments in existence longer than two 
years. The district court entered a minute order reflecting such finding. The 
district court considered no evidence and made no findings at the hearing as to 
which of the encroachments the statute of limitations would apply. Following the 
district court's denial of its motion to amend, Austin Place dismissed its claim 
for forcible entry and detainer.[2]
¶17 Following the entry of judgment in Defendants' favor in the consolidated 
cases after the non-jury trial, the district court granted attorney fees to the 
Defendants finding:

 
 1. Before consolidation with this case, the Defendants were the 
 prevailing parties, pursuant to 12 Okl.St.Ann. § 1148.9, in the action for 
 forcible entry and detainer filed by the Plaintiff in Pittsburg County Case, 
 case number CV-2010-105.
 2. That the Defendants prevailed in Pittsburg County Case, case number 
 CV-2010-105, based on the Defendants' affirmative defense that the statute 
 of limitations had expired on the forcible entry and detainer claim set 
 forth in Plaintiff's Petition in CV-2010-105.
(Pittsburg County Case Number CV-12-25, Order Granting Defendants' 
Application for Attorney Fees, R. 158). However, at no time did the district 
court in case number CV-10-105 enter an order finding that any of the alleged 
encroachments were barred by the statute of limitations. Furthermore, the 
district court did not enter final judgment on behalf of the Defendants on 
Austin Place's forcible entry and detainer claim as set forth in 12 O.S.2011 § 696.2(D), nor did the 
district court grant the Defendants any affirmative relief. Instead, Austin 
Place dismissed its forcible entry and detainer claim, with no objection by the 
Defendants. As such, the district court's subsequent finding that the Defendants 
were the prevailing parties upon Austin Place's forcible entry and detainer 
claim is unsupported by the record. Because no judgment was entered and no 
affirmative relief granted by the district court in favor of the Defendants upon 
Austin Place's forcible entry and detainer claim, the Defendants were not the 
prevailing party as to that claim. Accordingly, the district court's award of 
attorney fees to the Defendants upon Austin Place's forcible entry and detainer 
claim in accordance with 12 O.S.2011 
§ 1148.9 is hereby reversed.
¶18 Because we find the Defendants were not entitled to attorney fees 
pursuant to 12 O.S.2011 § 1148.9 
in the district court, the Defendants' motion for attorney fees on appeal is 
denied.
CONCLUSION
¶19 We find that no judgment was entered nor any affirmative relief granted 
by the district court in accordance with 12 O.S.2011 § 696.2(D) in favor of 
the Defendants upon Austin Place's forcible entry and detainer claim in case 
number CV-10-105 prior to Austin Place's dismissal of such claim. As such, the 
Defendants were not the prevailing party upon the forcible entry and detainer 
claim, thus the district court's subsequent award of attorney fees to the 
Defendants pursuant to 12 O.S.2011 § 
1148.9 is reversed. Because we find the Defendants were not entitled to 
attorney fees pursuant to 12 O.S.2011 
§ 1148.9 in the district court, the Defendants' motion for appeal related 
attorney fees is denied.

¶20 REVERSED.

RAPP, J., and THORNBRUGH, J., concur.

FOOTNOTES

[1] Austin 
Place named an additional party in its Petition who was later 
dismissed.

[2] Title 
12 O.S.Supp.2004 § 683(1) states 
that the plaintiff may dismiss an action without prejudice "before the final 
submission of the case to the jury, or to the court, where the trial is by the 
court." The record on appeal reflects no objection made by the Defendants to 
Austin Place's dismissal of its forcible entry and detainer claim, and as such 
we will not consider the propriety of such dismissal.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1992 OK 48, 829 P.2d 978, 63 OBJ 1130, Underwriters at Lloyd's of London v. North American Van Lines.
Discussed
 1997 OK 19, 933 P.2d 307, 68 OBJ 783, Professional Credit Collections, Inc. v. Smith
Discussed
 2003 OK 35, 67 P.3d 339, FINNELL v. JEBCO SEISMIC
Discussed
 2007 OK 5, 152 P.3d 880, BOSTON AVENUE MANAGEMENT, INC. v. ASSOCIATED RESOURCES, INC.
Discussed
 2007 OK 50, 164 P.3d 1063, SOONER BUILDERS & INVESTMENTS, INC. v. NOLAN HATCHER CONSTRUCTION SERVICES, L.L.C.
Discussed
 2010 OK 47, 237 P.3d 173, EAGLE BLUFF, L.L.C. v. TAYLOR
Discussed
 1978 OK 39, 576 P.2d 1166, GENERAL MOTORS ACCEPTANCE CORP. v. CARPENTER
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 683, Dismissal without Prejudice
Cited
 12 O.S. 696.2, Judgment, Decree or Appealable Order to be Written - Preparation of Written Documents - Filing - Mailing - Effect
Discussed at Length
 12 O.S. 940, Negligent or Willful Injury to Property - Attorney's Fees and Costs - Offer and Acceptance of Judgment
Cited
 12 O.S. 1148.9, Attorney Fee
Discussed at Length